J-S44023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
AQUIL JOHNSON :
:
Appellant : No. 1138 EDA 2024

Appeal from the PCRA Order Entered April 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004929-2007

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 19, 2024**

Aquil Johnson (Appellant) appeals from the order dismissing his *pro se* "Petition for Writ of *Habeas Corpus*," which the court below construed as a petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 14, 2007, the Commonwealth charged Appellant with one count each of firearms not to be carried without a license, criminal conspiracy (firearms not to be carried without a license), carrying a firearm on public streets in Philadelphia, and false identification to law enforcement (false ID).[1]

On December 18, 2007, Appellant pled guilty to one count of false ID. In exchange, the Commonwealth *nolle prossed* the remaining charges. During

_____

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 903, 6108, 4914.

the plea hearing, the Commonwealth summarized the factual basis for the

plea as follows:

> [I]f called to testify, Officer [Justin] Montgomery … would testify that on February 13, 2007[,] at approximately 10:25 p.m.[,] at 6300 West Montgomery Avenue, … Philadelphia, [Officer Montgomery], as well as fellow officers, stopped a vehicle [in which Appellant] was the rear passenger []. Upon investigation of the vehicle[, the officers] discovered that the front passenger had a firearm in his possession[,] and [the officers] also discovered another firearm in the glove [b]ox. At that point [the officers removed] both the driver as well as the front passenger [from] the vehicle. During the entire incident, [Appellant] was very boisterous and uncooperative and was giving multiple false names regarding his identification to Officer Montgomery. The officer arrested [Appellant for] false identification, as well as the firearm[s offenses].

N.T., 12/18/07, at 10-11.

On the same date, Judge George Overton sentenced Appellant to one

year of probation. No post-sentence motion or direct appeal followed.

A prior panel of this Court summarized what next transpired:

> On September 25, 2008, Appellant was arrested for attempted murder and related offenses.[2] Judge Christopher Wogan presided over a January 11, 2013[,] trial at which the jury found Appellant guilty. On March 15, 2013, Judge Wogan sentenced Appellant to an aggregate [30 to 60] years of incarceration in the attempted

_____

[2] Appellant was detained on a violation of probation (VOP) in the instant matter on October 6, 2008, arising from the new charges. The VOP proceedings were continued several times pending the disposition of the attempted murder case.

murder case. At the same proceeding, Judge Wogan[3] sentenced Appellant to [3½ to 7] months of incarceration for the instant VOP.

***Commonwealth v. Johnson***, 220 A.3d 659 (Pa. Super. 2019) (unpublished memorandum at 2) (footnotes added). No post-sentence motion or direct appeal followed Appellant's VOP judgment of sentence.

On January 17, 2014, Appellant filed his first PCRA petition, "seeking reinstatement of his direct appeal rights." ***Id.*** On January 11, 2018, the PCRA court "reinstated only Appellant's right to file a direct appeal from the sentence imposed after the VOP proceeding." ***Id.*** (unpublished memorandum at 3). On appeal, Appellant argued, *inter alia*, that "Judge Wogan should have *sua sponte* recused himself from" the VOP proceeding "because of his obvious bias against Appellant." ***Id.*** (unpublished memorandum at 8). This Court affirmed the VOP judgment of sentence, concluding that Appellant "failed to support his argument of bias … with pertinent record citations, in violation of Pa.R.A.P. 2119(c)." ***Id.*** (unpublished memorandum at 9).

Appellant also raised claims challenging the validity of his false ID guilty plea. ***Id.*** (unpublished memorandum at 3). We determined those claims were waived because Appellant never raised them in the trial court, ***id.*** (citing Pa.R.A.P. 302(a)), and the validity of a guilty plea is not reviewable on an

---

[3] "[S]upervision of Appellant's probation was transferred to Judge Wogan after Judge Overton was reassigned to the Family Division of the Philadelphia Court of Common Pleas." ***Commonwealth v. Johnson***, 220 A.3d 659 (Pa. Super. 2019) (unpublished memorandum at 2).

- 3 -

appeal from a sentence imposed after a VOP proceeding. *Id.* (unpublished memorandum at 4) (citing *Commonwealth v. McNeal*, 120 A.3d 313, 322 (Pa. Super. 2015)). Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On January 10, 2017, Appellant filed a petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania (District Court). Appellant claimed his "due process rights were violated" in the VOP proceeding "because Judge Wogan exhibited bias rising to a constitutionally prohibited level." *Johnson v. Garman*, No. CV 17-136, 2021 WL 8445586, at *3 (E.D. Pa. May 11, 2021) (report and recommendation of Magistrate Judge Elizabeth Hey), *report and recommendation adopted*, 2022 WL 1567787 (E.D. Pa. May 17, 2022). Appellant further claimed his false ID

> guilty plea was not voluntary, knowing, and intelligent because he did not fully understand the nature of the crime, which required an express statement from the police that he was the subject of an investigation.

*Id.*

On May 17, 2022, the District Court denied the petition in part and granted it in part.[4] *See Johnson*, 2022 WL 1567787. The District Court observed that the Commonwealth did "not contest [the judicial bias] claim,

---

[4] The District Court initially stayed consideration the petition due to the pendency of Appellant's first PCRA petition. The District Court lifted the stay after this Court's disposition of Appellant's ensuing appeal from his VOP judgment of sentence. *See Johnson*, 2021 WL 8445586, at *2.

and [did] not oppose a grant of relief limited to resentencing on the" VOP. *Johnson*, 2021 WL 8445586, at *8. The District Court granted Appellant's petition "with respect to the judicial bias claim," and stayed the writ "to allow the Commonwealth to resentence [Appellant] on the" VOP. *Id.* at *9.

The District Court denied the petition with respect to the guilty plea claim, determining the claim was "procedurally defaulted" because Appellant had failed to properly challenge the validity of his plea in state court. *Id.* at *4 n.4, *6.[5] The District Court further determined Appellant failed to "satisfy the fundamental miscarriage of justice exception to the rule of procedural default," concluding that Appellant's "argument regarding the [f]alse ID conviction is one of legal sufficiency, not actual innocence." *Id.* at *5, *7.

The District Court noted Appellant's reliance on *Commonwealth v. Kitchen*, 181 A.3d 337 (Pa. Super. 2018) (*en banc*), in which this Court held

_____

[5] As the Third Circuit Court of Appeals has observed:

> Where a state court refuses to consider a *habeas* petitioner's claims because of a violation of state procedural rules, a federal court is generally barred by the procedural default doctrine from considering the claims. A federal court may consider the merits of a procedurally defaulted claim only if the petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default.

*Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013) (citations, some quotation marks, brackets, and ellipses omitted). To satisfy the "fundamental miscarriage of justice" exception, "the petitioner must typically show 'actual innocence.'" *Levya v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

that "[i]n order to sustain a conviction for [f]alse ID, the Commonwealth must prove that the individual was *told* by police that he or she was under investigation, and that must occur prior to the individual's presentment of false identity information." *Johnson*, 2021 WL 8445586, at *5 (quoting *Kitchen*, 181 A.3d at 345 (emphasis in *Kitchen*)); *see also id.* at *6 (noting that the *Kitchen* Court "was adjudicating a sufficiency claim."). The District Court further noted that *Bousley v. United States*, 523 U.S. 614 (1998), "upon which [Appellant] relies, draws a distinction between legal sufficiency and actual innocence in the context of procedural default." *Johnson*, 2021 WL 8445586, at *6.

> It is important to note … that "actual innocence" means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). In other words, the Government is not limited to the existing record to rebut any showing that [the] petitioner might make. … In cases where the Government has forgone more serious charges in the course of plea bargaining, [the] petitioner's showing of actual innocence must also extend to those charges.

*Id.* (quoting *Bousley*, 523 U.S. at 623-26).

> The District Court determined that Appellant's
>
> argument relies on the fact that the prosecutor's summary of the facts at [Appellant's] plea colloquy did not make reference to whether or not [Appellant] was told that he was under investigation, *see* N.T., 12/18/07, at 10-11, … indicating that his [claim] is a legal sufficiency claim rather than an actual innocence claim. [Moreover], three additional charges—firearms not to be carried without a license, criminal conspiracy, and carrying firearms in public—were dropped at the plea hearing…. [Appellant] has offered no evidence that he is actually innocent of the charges that were dropped.

*Id.* The District Court thus concluded Appellant's guilty plea claim did not merit relief.

On April 18, 2023, the trial court[6] scheduled resentencing on Appellant's VOP for June 23, 2023. On that date, **the trial court resentenced Appellant to no further penalty**.

On April 20, 2023, Appellant filed the instant, *pro se* petition, styled as a "Petition for Writ of *Habeas Corpus*." Appellant argued that

> justice demand[ed his false ID] conviction be set aside by way of writ of *habeas corpus*[,] where a clarification in the law has determined that the conduct [Appellant] pled guilty to is no longer criminal and was not criminal at the time of the conviction[,] pursuant to [] ***Kitchen***, 181 A.3d 337….

Petition for Writ of *Habeas Corpus*, 4/20/23, at 5 (some capitalization modified). On May 15, 2023, the PCRA court appointed "PCRA counsel" to represent Appellant. Order, 5/15/23.

On October 1, 2023, Appellant filed a counseled "Supplemental *Habeas* Petition" and accompanying memorandum of law. Appellant noted the PCRA court had construed his *habeas* petition as a PCRA petition. Supplemental *Habeas* Petition, 10/1/23, ¶ 4. "However," Appellant asserted, his "specific and express intent was not to file a PCRA petition, but indeed to file a *habeas* petition." *Id.*

Appellant acknowledged

_____

[6] The Honorable Zachary Shaffer presided over Appellant's VOP resentencing and the instant *habeas*/PCRA petition.

- 7 -

> **[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.**

Appellant's Memorandum of Law, 10/1/23, at 5 (quoting ***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations omitted; emphasis added)).

Appellant conceded he was not eligible for PCRA relief because he was no longer serving a sentence. ***Id.***; ***see also*** 42 Pa.C.S.A. § 9543(a)(1)(i) (to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted). Appellant also conceded that a "PCRA petition would have been untimely and [Appellant] asserts no time-bar exception." Appellant's Memorandum of Law, 10/1/23, at 5; ***see also*** 42 Pa.C.S.A. § 9545(b)(1) (a PCRA petition "shall be filed within one year of the date the judgment becomes final," unless the petitioner pleads and proves one of three time-bar exceptions); ***Commonwealth v. Reeves***, 296 A.3d 1228, 1230-31 (Pa. Super. 2023) ("If a PCRA petition is untimely, a court lacks jurisdiction.").

Appellant also acknowledged that a *habeas* petition "is a valid vehicle to seek recourse" only where "a claim is not cognizable under the PCRA." Appellant's Memorandum of Law, 10/1/23, at 5-6 (citing ***Commonwealth v.***

*West*, 938 A.2d 1034 (Pa. 2007)); *see also West*, 938 A.2d at 1043 ("[W]e have held that the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under [the PCRA].  *See* [*Commonwealth v.*] *Peterkin*, 722 A.2d [638,] 640 [(Pa. 1998)]….  [W]e have never held that the remedy of *habeas corpus* does not exist for the rare instance where the PCRA offers no remedy.  *See* [*id.*]") (emphasis omitted).

Significantly, **Appellant conceded that a "timely[-]filed PCRA petition [in this case] was likely cognizable under the PCRA."** Appellant's Memorandum of Law, 10/1/23, at 6 (emphasis added).  Nevertheless, Appellant argued,

> in the interest of justice and consistent with certain notions of due process and fair play, this petition should be considered.  The law should not time-bar the wrongfully convicted, and … society has a distinct and fundamental interest in vindicating the wrongfully convicted.

*Id.*

The Commonwealth responded to the petition, arguing Appellant's "claim that his due process rights [were] violated in allowing his conviction for [f]alse ID to stand is cognizable under the PCRA."  Commonwealth's Response, 1/7/24, at 6 (unpaginated).  The Commonwealth asserted Appellant's *habeas* petition should therefore be construed as a PCRA petition.  *Id.*  The petition should be dismissed, the Commonwealth argued, because Appellant is no longer serving a sentence and his claims are untimely under the PCRA.  *Id.*

On February 23, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The PCRA court determined Appellant's

> due process claims clearly fall under the PCRA. Because [Appellant's] claim is cognizable under the PCRA, it must be construed as a PCRA petition, and is therefore subject to the jurisdictional requirements of the [PCRA]. 42 Pa.C.S.[A.] § 9542; *see also **Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016) (any claim that could be brought under the PCRA must be brought under the PCRA, [and] no other common law or statutory remedy is intended to be available). In order to be eligible for relief under the PCRA, [a petitioner] must be serving a sentence of imprisonment, probation, or parole on the case in question. Because [Appellant was] sentenced to no further penalty on June 23, 2023, [he is] no longer serving a sentence, and [is] not eligible for relief under the PCRA.

Rule 907 Notice, 2/23/24, at 2 (unpaginated).

On April 8, 2024, the PCRA court entered a final order dismissing Appellant's petition. Appellant timely appealed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant identifies three questions for our review:

1. Did the lower court err by construing Appellant's *habeas* petition as [a PCRA petition], where there is no jurisdiction under [the] PCRA as Appellant is no longer serving a sentence and no time-bar exception to the PCRA is asserted, but where Appellant and society have a fundamental and ongoing interest in vindicating the wrongfully convicted through *habeas* relief, an interest that is not moot where [] Appellant still suffers some detriment?

2. Is a wrongful conviction for false ID violative of due process under the federal and state constitutions, even where Appellant is no longer serving a sentence for false ID, but where he has an interest in his reputation and still suffers some detriment?

- 10 -

3. Did the lower court err in denying Appellant's petition for *habeas* relief, where the acts [to] which he pled guilty [] for false ID were not criminal, and where the Commonwealth concedes he did not commit the crime of false ID?

Appellant's Brief at 7 (issues reordered; some capitalization modified).

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.** Whether the PCRA court properly construed Appellant's *habeas* petition as a PCRA petition "presents a question of law," for which "our standard of review is *de novo*, and our scope of review is plenary." **Descardes**, 136 A.3d at 496-97.

In his first issue, Appellant concedes "[a] timely filed PCRA petition was likely cognizable under the PCRA." Appellant's Brief at 17. However, he argues *habeas* relief "is a valid option, because the wrong is so egregious, that there needs to be a means for correction." **Id.** at 19. Noting the Pennsylvania Constitution recognizes the right to protect one's reputation, **id.** at 18 (citing PA. CONST., Art. 1 §§ 1, 11), Appellant maintains "the reputational harm and the impact this conviction had on subsequent criminal matters and [Appellant's] overall reputation, is a direct and material restraint and detriment." **Id.** at 19.

Appellant argues that because he

suffers detriment to his reputation, and [because] society has an interest in vindicating the wrongfully convicted, this Court should vacate the conviction. Appellant agrees that the PCRA has no jurisdiction as [] Appellant is no longer serving a sentence. He asserts no time-bar exception. He acknowledges that generally speaking, if a claim is cognizable under the PCRA, it will be construed as a PCRA, no matter how the petitioner fashions/captions the petition. [] ***Taylor***, 65 A.3d [at] 465-66….

However, from the beginning, [] Appellant carefully and deliberately filed his petition as a *habeas*, and cited the *habeas* law. He rejects the PCRA because the PCRA does not afford any recourse. He appropriately notes that *habeas* is not dead, but alive and well. [] Appellant is an innocent man, and it is a violation of fair play, due process, to deny an avenue for relief.

It is a due process violation to constrain Appellant to [the] PCRA, and then assert he is time-barred and also barred because he is no longer serving a sentence. What makes this matter distinct is that [] Appellant is factually innocent, and the Commonwealth *agrees*.[7] If this is the case, then why object to *habeas*, especially when [] Appellant is still suffering under some *detriment*[?] The passage of the PCRA cannot be [intended] for the purpose of constraining [an] innocent man from recourse. Law is [intended] to preserve and extend freedom, not reduce it.

---

[7] The Commonwealth concedes the facts presented at Appellant's plea hearing were insufficient to support the false ID charge. ***See*** Commonwealth's Brief at 4. However, the Commonwealth does not agree that Appellant is innocent. Rather, the Commonwealth relies on the District Court's conclusion that Appellant's "argument regarding the [f]alse ID conviction is one of legal sufficiency, not actual innocence." Commonwealth's Brief at 10 n.2 (quoting ***Johnson***, 2021 WL 8445586, at *7). The Commonwealth also notes the District Court's observation that the Commonwealth *nolle prossed* three more serious charges in exchange for Appellant's plea to false ID, "and [Appellant] has offered no evidence that he is actually innocent of the charges that were dropped." ***Id.*** (quoting ***Johnson***, 2021 WL 8445586, at *6). In his instant petition and brief, Appellant does not assert he was innocent of the dropped charges, and fails to even acknowledge their existence. Appellant demands that we vacate his false ID *conviction*, not that we vacate his *plea* and permit him to stand trial on all of the charges. ***See*** Petition for Writ of *Habeas Corpus*, 4/20/23, at 5; Appellant's Brief at 28. Appellant fails to explain how "fair play" requires that he be allowed to retain the benefit of his plea bargain while negating its consequences.

Therefore, it is a due process violation and "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." ***Commonwealth v. Kratsas***, 764 A.2d 20, 27 (Pa. 2008). To eliminate recourse is violative of due process under the [federal and state c]onstitutions. Because the Appellant is still under the restraint of an unlawful conviction, he has the right to proceed under *habeas* law.

Appellant's Brief at 21-22 (emphasis in original; footnote added).

In its Pa.R.A.P. 1925(a) opinion, the PCRA court disagreed, concluding

it

properly treated Appellant's petition as a PCRA petition. In his petition, Appellant argues that the facts [supporting] his plea do not make out the charge of false [ID], [and] that his conviction should be overturned, as [the conviction] deprived him of substantive and procedural due process rights under the [federal and state c]onstitutions. All parties agree that the facts set forth [during] Appellant's guilty plea [hearing] are insufficient to make out the charge of false [ID]. ***See*** [Commonwealth's Response], 1/7/24, at 1-2. However, because Appellant's claims are cognizable under the PCRA, th[e PCRA c]ourt is constrained to consider Appellant's filing a PCRA petition, fully subject to the requirements of the [PCRA]. 42 Pa.C.S.[A.] § 9542; ***see also*** [] ***Descardes***, 136 A.3d [at] 499 …[;] ***Peterkin***, 722 A.2d [at] 640 ("the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA….").

Appellant argues that his filing should not be considered a PCRA petition, relying on [] ***West***, in which the Pennsylvania Supreme Court found that the appellant's claim that the execution of his sentence after nine years of inaction on [an] appeal bond[,] following affirmance of [his] conviction and sentence[,] … fell outside of the PCRA. ***See*** [] ***West***, 938 A.2d 1034…. The ***West*** [C]ourt determined that this claim fell outside of the PCRA because "[it] does not implicate the truth determining process underlying [the appellant's] conviction and sentence, nor does it implicate the legality of the sentence imposed." ***Id.*** at 1044. ***West*** is distinguishable from Appellant's case, as Appellant is asserting his innocence of the underlying crime and his claims are explicitly contemplated by the PCRA[. In its grounds for relief, the PCRA] includes "[a] violation of the Constitution of this

- 13 -

> Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place," and "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent[."]  42 Pa.C.S.[A.] § 9543(a)(2)(i), (iii).[8]  Therefore, th[e PCRA c]ourt properly considered Appellant's filing as a PCRA petition.

PCRA Court Opinion, 6/10/24, at 2-3 (paragraph break and footnote added).

After careful review, we agree with the PCRA court that Appellant's claims are cognizable under the PCRA.  *See* 42 Pa.C.S.A. § 9543(a)(2)(i)-(iii). Appellant's *habeas* petition must therefore be construed as a PCRA petition. *See Taylor*, 65 A.3d at 466 ("Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition.").  Appellant concedes his claims are cognizable under the PCRA, but nevertheless insists he be allowed to raise them in a *habeas* petition.  *See* Appellant's Brief at 17.  However, Appellant identifies no authorities allowing

---

[8] The PCRA's grounds for relief also include "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S.A. § 9543(a)(2)(ii).  We observe that, during his direct appeal from his VOP judgment of sentence, Appellant attempted to challenge the validity of his guilty plea by arguing his plea counsel rendered ineffective assistance.  *See Johnson*, 220 A.3d 659 (unpublished memorandum at 3).  In the instant petition, Appellant alleged plea counsel "convince[d]" him to plead guilty by misinforming him about the plea's consequences and making him "feel[] as though he had no other choice but to comply with counsel's demands to plead guilty…."  Petition for Writ of *Habeas Corpus*, 4/20/23, ¶¶ 13-16.

similar claims to be raised in a *habeas* petition.[9, 10] Appellant essentially asks us to ignore existing law and create a special exception for him; we decline to do so.

Because we conclude the PCRA court properly construed Appellant's petition as a PCRA petition, we do not reach Appellant's remaining issues. The

---

[9] Appellant cites two cases permitting *habeas* claims to be raised outside of the PCRA, but does **not** argue his claims are similarly situated. **See** Appellant's Brief at 17 (citing **West**, 938 A.2d 1034; **Commonwealth v. Judge**, 916 A.2d 1034 (Pa. 2007)). In **West** and **Judge**, the petitioners did not assert their innocence; their sentences had not expired; and their claims did not implicate the truth-determining process underlying their convictions. **See West**, 938 A.2d at 1044; **Judge**, 916 A.2d at 520.

[10] Appellant acknowledges that "even *habeas* [jurisdiction] seems to require that the petitioner be" serving a sentence to be eligible for relief. Appellant's Brief at 19 (citing **Commonwealth v. Turner**, 80 A.3d 754 (Pa. 2013)). In **Turner**, our Supreme Court determined

> that due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence. Analogously, because the common law and statutory writ of *habeas corpus* in federal court challenges the basis of criminal conviction and custody, it requires that a petitioner be in custody before *habeas* jurisdiction can attach. **Preiser v. Rodriguez**, 411 U.S. 475, 484 … (1973) (providing that the essence of the common law writ of *habeas corpus* is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody)[.]

**Turner**, 80 A.3d at 765; **see also id.** at 766 (holding that "[b]ecause individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the [PCRA's] statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest.").

PCRA court correctly determined, and Appellant concedes, that Appellant is statutorily ineligible for PCRA relief because he is no longer serving a sentence in the instant matter. *See* PCRA Court Opinion, 6/10/24, at 3-4; Appellant's Brief at 21; *see also* 42 Pa.C.S.A. § 9543(a)(1)(i); ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109 (Pa. Super. 2016) ("Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief."). Accordingly, Appellant's claims merit no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024