J-S13023-23

2023 PA Super 98

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                              :
                     v.                        :
                                            :
GREGORY REEVES                   :
                                            :
                 Appellant          :    No. 2545 EDA 2022

Appeal from the PCRA Order Entered August 31, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1206832-1993

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY MURRAY, J.:                   **FILED JUNE 9, 2023**

Gregory Reeves (Appellant) appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. We affirm, although for different reasons than those expressed by the PCRA court.[1]

On September 21, 1994, the trial court convicted Appellant of second-degree murder and sentenced him to life in prison. PCRA Court Opinion, 10/26/22, at 1. On October 10, 1995, this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied leave to appeal on

_____

[*] Former Justice specially assigned to the Superior Court.

[1] "It is well-settled that this Court may affirm the decision of the [trial] [c]ourt if it is correct on any basis." **Commonwealth v. Elliott**, 249 A.3d 1190, 1193 n. 3 (Pa. Super. 2021) (citations and quotation marks omitted).

November 9, 1996. ***Commonwealth v. Reeves***, 671 A.2d 772 (Pa. Super. 1995) (unpublished memorandum), ***appeal denied***, 673 A.2d 333 (Pa. 1996).

Appellant filed his first PCRA petition on August 23, 2012. After multiple delays, which included the filing of amended and supplemental PCRA petitions and Appellant's decision to proceed *pro se*, the PCRA court denied relief on February 4, 2019. This Court affirmed. ***Commonwealth v. Reeves***, 229 A.3d 324 (Pa. Super. Mar. 4, 2020) (unpublished memorandum). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On September 15, 2021, Appellant *pro se* filed the instant PCRA petition. On August 8, 2022, the PCRA court issued notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed a response. The PCRA court dismissed the petition on August 31, 2022. Appellant timely filed a notice of appeal.[2]

Appellant raises a single issue:

> A.    Whether the PCRA court erred in dismissing [A]ppellant's petition under the [PCRA] without a hearing on the now-overruled public record presumption and whether the [A]ppellant qualified for an exception to the time requirements in 42 Pa.C.S.A. § 9545(b)(1)(i)(ii)(2), where witness credibility was relevant?

Appellant's Brief at 2.

---

[2] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

We review the dismissal of Appellant's PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005); **see also Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Lewis**, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Appellant concedes his PCRA petition is untimely. Appellant's Brief at 4. Appellant's judgment of sentence became final on May 29, 1996, and he did not file this petition until September 15, 2021. However, a petitioner may

- 3 -

overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). If a petitioner fails to invoke a valid exception, the court lacks jurisdiction to review the petition or provide relief. *Spotz*, 171 A.3d at 676.

Appellant attempts to invoke the governmental interference and newly discovered facts exceptions codified at Section 9545(b)(1)(i-ii). Appellant's Brief at 5-6. To plead and prove the governmental interference exception, Appellant must show "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S.A. § 9545(b)(1)(i). To make a successful claim of governmental interference, an appellant must show a "violation of his rights under constitutional or state law." *Commonwealth v. Rizvi*, 166 A.3d 344, 348 (Pa. Super. 2017) (emphasis added).

Appellant claims he meets the governmental interference exception because an investigation of the Philadelphia District Attorney's Office by the Philadelphia Inquirer revealed:

"… a pattern we're seeing in old cases, where prosecutors weren't attuned to their constitutional and ethical responsibilities as they are now."

Appellant's Brief at 6 (citing the Philadelphia Inquirer).[3] This general statement does not demonstrate governmental interference in Appellant's case. Therefore, he has not proven a governmental interference exception. *Rizvi*, 166 A.3d at 348.

Appellant also claims he met the newly discovered facts exception because he recently discovered that some of the police officers involved in his case committed misconduct in other cases. Petitioner's "Additional Claims Post Conviction Relief Petition, 9/15/21, at 4-5. Appellant argues:

[Appellant's] case was infected with Police corruption and misconduct throughout the process of search to arrest [Appellant], interrogations and trial.
…

The affiant Detective [Frank] Jastrzembski conducted illegal tactics to gain the search warrant to arrest [Appellant.] … The Police entered the residence without an arrest warrant by pushing [Appellant's girlfriend.] … She was **"Bum Rushed"** by the police.
…

During the Police Interrogation [Appellant] was interviewed by Detective Jastrzembski who beat [Appellant] in the face, legs and squeezed his genitals while Detective [Manuel] Santiago held and twisted his uncuffed hand and arm.
…

_____

[3] The Commonwealth adds that the quote was made by a legal scholar in a February 19, 2019 article, and did "not come from the office that prosecuted [Appellant and] has no connection to his case." Commonwealth Brief at 15, **see id.** at n.5.

- 5 -

The release of the **Homicide Files** earlier this year 2021. It displays misconduct and corruption of Detective Santiago and Detective Jastrzembski among 89 cases in the Philadelphia Homicide Division.

*Id.* at 1-4 (emphasis in original).

This Court has explained:

The [newly-discovered] facts exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate **he did not know the facts upon which he based his petition** and could not have learned those facts earlier by the exercise of due diligence.... Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

[A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief, petitioner must plead and prove by a preponderance of evidence that the conviction or sentence resulted from, *inter alia*, unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced) ....
...

Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (emphasis added; some citations omitted).

Here, the PCRA court concluded Appellant's "petition is untimely, but a **somewhat colorable claim** of newly-discovered evidence has been presented. A review of his alleged after-discovered evidence reveals he is not

entitled to relief." PCRA Court Opinion, 10/26/22, at 5 (emphasis added).[4]

The Commonwealth likewise states that Appellant "has satisfied the newly-discovered facts timeliness exception, but his underlying claim lacks merit." Commonwealth Brief at 16. We disagree.

In **Commonwealth v. Brown**, 141 A.3d 491, 502 (Pa. Super. 2016), we explained that newspaper articles are insufficient to establish a newly-discovered fact exception:

> Our Supreme Court addressed a situation like the one in the case *sub judice* in **Commonwealth v. Castro**, 93 A.3d 818 (Pa. 2014). In **Castro**, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the PCRA's timeliness requirement. Our Supreme Court held that a newspaper "**article contain[ed] allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation.**" *Id.* at 825.
>
> In ... **Castro** ... [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. **See id.** at 827. Thus, there [wa]s no fact within the [article], only information which could lead Appellant to discover facts.

**Brown**, **supra** at 502 (emphasis added); citing **Castro**, **supra** (reversing grant of a hearing based on after-discovered evidence because a newspaper article, submitted as the sole support for a new trial, "do[es] not constitute evidence").

---

[4] Appellant argues the PCRA court wrongly relied on the "public record presumption." Appellant's Brief at 6. This is incorrect, as the court did not mention the public record presumption. **See** PCRA Court Opinion, 10/26/22, at 5-7.

In this case, newspaper articles referencing misconduct by Detectives Jastrzembski and Santiago in matters unrelated to Appellant do not constitute newly-discovered facts. Appellant cites no new information in **his** case. Our Supreme Court has held that the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Johnson**, 863 A.2d 423, 427 (Pa. 2004) (emphasis omitted).

We conclude the PCRA court erred in finding Appellant met the newly discovered facts exception to the PCRA's timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(2). However, even if Appellant satisfied an exception to the time-bar, he would not be entitled to relief. As the PCRA court explained:

> A motion to suppress was filed and a hearing was conducted [on] September 20, 1994. Detective Santiago testified that he and Detective [James] Dougherty were granted permission to enter [Appellant's] home from [his] girlfriend, Flynnell Crawford. … Ms. Crawford took the stand and agreed that she let them in the house. At no time did she say they forced their way in without permission or 'bum-rushed' their way through the door. Furthermore, the record is crystal clear that [the police] had obtained a search warrant prior to the search of [Appellant's] residence. … As such, the record does not support [Appellant's] claim concerning the search of the house.
>
> [Appellant] next contends he was beaten in the face, legs, and genitalia by Jastrzembski in an interrogation room and then placed in a second interrogation room to be interviewed by Detective [William] Danks. There is nothing to support this allegation in the record. Danks testified that [Appellant] had no interaction with either Santiago or Jastrzembski after being brought to police headquarters, and that once he was placed in an interrogation room he was not moved.
> …

The factual allegations upon which relief is requested were known to [Appellant] long ago and in fact were litigated in a motion to suppress. Whether or not the detectives had a valid search warrant as well as consent to enter the premises is not new, nor is whether or not the defendant was beaten by detectives while being interrogated. [Appellant] was well-aware of these conditions prior to his suppression motion. [Appellant] has failed to relate any of the allegations of police misconduct in other cases to his underlying conviction. Mere bald assertions that their alleged misconduct in other matters does not establish that any of those instances are relevant to his case. … Furthermore, any of the alleged improprieties by either detective would only have limited value as impeachment evidence. Because [Appellant] can neither show that the allegations depicted in the Inquirer article are relevant in any way to his case, or that he would have even been able to introduce them at trial, he is entitled to neither an evidentiary hearing, nor relief on his claim.

PCRA Court Opinion, 10/26/22, at 6-7 (record citations omitted).

Order affirmed.

P.J.E. Stevens joins the opinion.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2023

- 9 -