J-S28012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARDELL ABRAMS | : | |
| | : | |
| Appellant | : | No. 2389 EDA 2023 |

Appeal from the PCRA Order Entered July 28, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0108881-2006

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 2, 2024**

Appellant, Mardell Abrams, appeals *pro se* from the July 28, 2023, order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we quash the instant appeal.

The relevant facts and procedural history of this appeal are not at issue here. Briefly, on November 20, 2008, a jury found Appellant guilty of possession with intent to deliver a controlled substance and conspiracy to possess and deliver a controlled substance. On January 30, 2009, Appellant was sentenced to a term of 42–132 months' imprisonment for possession of a controlled substance with intent to deliver, followed by a consecutive sentence of 27–108 months for conspiracy to deliver the controlled substance.

Appellant did not file a direct appeal. Appellant filed his first PCRA petition on March 18, 2009. After allowing Appellant to amend his petition,

the PCRA court dismissed Appellant's amended PCRA petition on July 15, 2011.

Appellant filed the instant PCRA petition on November 16, 2022, which the PCRA court dismissed as untimely on July 28, 2023. This appeal followed.

Before addressing whether the underlying PCRA petition is timely, we must first determine whether the instant appeal is timely.

As noted, the PCRA court dismissed the underlying PCRA petition on July 28, 2023. The docket entry indicates service to incarcerated *pro se* Appellant via certified mail. On September 7, 2023, forty-one days later, Appellant filed the notice of appeal at issue here. The notice of appeal was due by August 28, 2023. The notice of appeal and proof of service are hand-dated August 21, 2023. Page four of the notice of appeal is a handwritten document titled, "Declaration Of A Timely Filed Institutional Mailing," wherein Appellant states he submitted the notice of appeal to prison authorities on August 21, 2023. The envelope containing the notice of appeal appears to bear a postmark of September 7, 2023.

On November 14, 2023, this Court entered a rule to show cause why this appeal should not be quashed as untimely filed on September 7, 2023, from the denial of the petition for post-conviction relief on July 28, 2023. On November 22, 2023, *pro se* Appellant filed a response. In his response, however, Appellant did not address the delay. Instead, Appellant asked us to entertain the appeal on a *nunc pro tunc* basis, without any further explanation.

Because Appellant failed to explain what, if any, extraordinary circumstances prevented him from filing a timely appeal, we must quash the instant appeal. *See* Pa.R.A.P. 903(a); 105(b); Pa.R.Crim. 720; ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014) ("[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. . . . Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal).

Even if the appeal had been timely filed, however, we would nonetheless conclude that the underlying PCRA petition is untimely.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying

claims, we first determine whether this PCRA petition is timely filed. ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008). "[I]t is the burden of a petitioner to plead in the PCRA petition exceptions to the time bar and that burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1126 (Pa. 2005) (citations omitted). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008).

It is undisputed that the underlying PCRA petition is facially untimely.[1] As such, we can address its merits only if Appellant pleads and proves one of the exceptions to the PCRA time bar. In his appellate brief, Appellant claims that the underlying PCRA petition is timely under the newly-discovered fact exception.[2] Specifically, Appellant argues that in November 2022, he learned

---

[1] Appellant's judgment of sentence became final on March 2, 2009, thirty days after his sentence was imposed and when the time to file a direct appeal expired. 42 Pa.C.S.A. § 9545(b)(3). Appellant had one year from March 2, 2009 to file a timely PCRA petition. Appellant filed the underlying PCRA petition on November 16, 2022, more than thirteen years after his judgment became final. Therefore, Appellant's PCRA petition is facially untimely.

[2] To satisfy the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***See Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017).

from an inmate that the trial court judge who presided over his case "had been found to have engaged in judicial misconduct" in an unrelated case (***Commonwealth v. McNeal***, 120 A.3d 313 (Pa. Super. 2015). Appellant's Brief at 6, 8.

A review of ***McNeal*** reveals that Appellant misconstrues ***McNeal***. In ***McNeal***, there is not a single fact which can be construed as proof that the presiding judge engaged in judicial misconduct. While we concluded that the presiding judge erred in taking over a violation of probation case pending before another judge, we never said that the error constituted judicial misconduct on the part of the presiding judge. Thus, reliance on ***McNeal*** is misplaced.

Additionally, Appellant nowhere explains how the presiding judge's error in an unrelated case affected the instant one. ***See***, ***e.g.***, ***Commonwealth v. Reeves***, 296 A.3d 1228, 1233 (Pa. Super. 2023) (newspaper articles referencing misconduct by two officers in matters unrelated to appellant do not constitute newly-discovered facts).

Finally, the focus of the newly-discovered fact exception is on the newly-discovered facts not on the newly-discovered source of known facts. ***See Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008). Here, Appellant discovered in November 2022 a new source for a known fact (judicial error). However, a newly-discovered source does not qualify as a newly-discovered fact. ***Id.***

Finally, Appellant nowhere explains why the "newly-discovered" fact could not be ascertained earlier by the exercise of due diligence. ***See Burton***, ***supra***.

Thus, Appellant failed to prove the newly-discovered fact exception. Because the underlying petition is facially untimely and given that Appellant failed to prove the applicability of an exception to the timeliness bar, had this appeal been timely, we would have concluded that the underlying petition was untimely.

Appeal quashed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/2/2024