J-S44017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOEL GARCIA | : | |
| | : | |
| Appellant | : | No. 1169 EDA 2024 |

Appeal from the PCRA Order Entered March 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008407-2007

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:               **FILED DECEMBER 19, 2024**

Noel Garcia (Appellant) appeals, *pro se*, from the order dismissing his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm the PCRA court's order on other grounds.[1]

The facts underlying Appellant's conviction are not relevant to this appeal.  On April 10, 2008, Appellant entered an open guilty plea to one count of firearms not to be carried without a license, 18 Pa.C.S.A. § 6016(a)(1).  On June 18, 2008, the trial court imposed a sentence of 1½ to 3 years' incarceration, followed by a consecutive term of 4 years' probation.  No post-sentence motion or direct appeal followed.

---

[1] **See Commonwealth v. Lehman**, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (observing it "is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself.").

On June 10, 2009, in three unrelated matters, Appellant pled guilty to third-degree murder and other charges. The trial court sentenced Appellant to an aggregate 22 to 45 years' incarceration (murder sentence), to run concurrently with his sentence in the instant matter. *See* PCRA Court Opinion, 6/3/24, at 2 n.2; Commonwealth's Brief at 2 n.1.

On June 7, 2010, Appellant filed a *pro se* PCRA petition in the instant matter. The PCRA court appointed counsel, who filed an amended petition on February 24, 2012. The amended petition alleged the Department of Corrections failed to award Appellant credit for time served as called for in the trial court's sentencing order. On July 13, 2012, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On October 16, 2012, the PCRA court entered a final order dismissing the petition. No appeal followed.

On September 24, 2021, Appellant filed a *pro se* PCRA petition, his second. Appellant argued, *inter alia*, that the underlying charge violated his constitutional right to bear arms. *See* PCRA Petition, 9/24/21, at 3-4. On April 4, 2022, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing. The PCRA court determined the petition was untimely filed and failed to establish any PCRA timeliness exception. Rule 907 Notice, 4/4/22, at 1-2. On April 26, 2022, the PCRA court entered a final order dismissing the petition.

Appellant did not appeal. However, he filed "numerous miscellaneous motions between June 2022 and May 2023, including [motions to refund bail money and] a 'supplemental brief' in support of the [second] PCRA petition[, which the PCRA c]ourt had already dismissed." PCRA Court Opinion, 6/3/24, at 1-2. On November 21, 2022, the PCRA court judge[2] sent Appellant a letter, stating:

> The sentence you had with me is complete, [and] therefore you cannot continue to litigate a PCRA [petition]. I have no authority over any other sentence you may be serving. Again, once you complete your sentence[,] the rights afforded by the PCRA are terminated.

Appellant's Brief, Exhibit 1 (PCRA Court Letter, 11/21/22); **see also** 42 Pa.C.S.A. § 9543(a)(1)(i) (to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted).

On June 27, 2023, Appellant filed the instant *pro se* PCRA petition, his third. He claimed the trial court improperly considered a prior juvenile adjudication as a factor when imposing sentence. PCRA Petition, 6/27/23, Attachment at 1-3. Appellant argued the trial court's consideration of his juvenile adjudication was "inconsistent with several specific provisions of the Sentencing Code" and resulted in an illegal sentence. **Id.** at 1 (capitalization

_____

[2] The same judge presided over Appellant's sentencing and each of his three PCRA petitions. A different judge presided over the unrelated matters resulting in Appellant's murder sentence.

- 3 -

modified). Appellant further claimed the PCRA court's November 21, 2022, letter constituted an illegal modification of his sentence. *Id.* at 1. Appellant requested correction of his sentence and/or vacation of his guilty plea. PCRA Petition, 6/27/23, at 6. Appellant invoked the newly-discovered fact exception to the PCRA's time-bar, alleging the PCRA court's November 21, 2022, letter constituted a previously unknown fact. *Id.* at 3; *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii).

On January 5, 2024, the Commonwealth filed a response arguing, *inter alia*, that Appellant was not eligible for PCRA relief because he was no longer serving his sentence for the underlying offense. The Commonwealth argued that Appellant's three-year maximum term of imprisonment expired on April 10, 2011. Commonwealth's Response, 1/5/24, at 5; *see also id.*, Exhibit A (Appellant's DC-16E Sentence Status Summary) at 4. The Commonwealth asserted Appellant thereafter served his four-year probationary sentence while he remained incarcerated on his murder sentence. Commonwealth's Response, 1/5/23, at 5. The Commonwealth maintained Appellant's probationary sentence expired on April 10, 2015. *Id.*

On January 30, 2024, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. The PCRA court determined Appellant was not eligible for PCRA relief because he was no longer serving a sentence for the underlying offense. Rule 907 Notice, 1/30/24, at 1-2. The PCRA court opined that Appellant's sentence had expired in 2015. *Id.* at 1.

On February 5, 2024, Appellant filed a response to the Rule 907 notice. On March 8, 2024, the PCRA court entered a final order dismissing Appellant's petition.

Appellant timely appealed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents three questions for our review:

1. Did the PCRA court err in denying post-conviction relief when Appellant would have been able to prove [that] the PCRA's [newly-discovered fact] exception was satisfied[,] where Appellant claims the [PCRA court]'s letter dated November 21, 2022[,] notifying Appellant his sentence is completed, constitutes a newly-discovered fact for purposes of 42 Pa.C.S.[A.] § 9545(b)(1)(ii)?

2. [Did the PCRA court err in denying post-conviction relief where] the [PCRA] court modified and altered Appellant's sentence after the [expiration of the 30-day] period provided in 42 Pa.C.S.[A.] § 5505[,] … where the [PCRA] court determined Appellant's sentence had been completed?

3. [Did the PCRA court err in denying post-conviction relief where] the sentence imposed by the trial court[, which] was also used to enhance a subsequent conviction[,] is and was patently inconsistent with the parameters set forth by the General Assembly and inconsistent with several specific provisions of the Sentencing Code?

Appellant's Brief at 2 (issues reordered; some capitalization modified).

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of

the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

Before discussing Appellant's issues, we address the PCRA court's determination that Appellant is no longer serving a sentence on the underlying offense. We observe that the Commonwealth has reversed its previous position, now arguing the PCRA court "erred in concluding [Appellant's] sentence had expired." Commonwealth's Brief at 7. The Commonwealth maintains that "[p]robation may not be constructively served while [a defendant is] incarcerated on other sentences." ***Id.*** at 8 (citing ***Commonwealth v. Allshouse***, 33 A.3d 31, 36 (Pa. Super. 2011), overruled on other grounds by ***Commonwealth v. Simmons***, 262 A.3d 512 (Pa. Super. 2021) (*en banc*)). The Commonwealth argues Appellant will not begin serving his four-year probationary sentence in this matter until he is released from incarceration on his murder sentence. ***Id.*** Appellant agrees with the Commonwealth. ***See*** Appellant's Brief at 6-8 (citing ***Allshouse***).

In ***Allshouse***,

> this Court specifically rejected the idea of "constructive probation." [There,] the defendant was convicted and sentenced to two years' incarceration followed by a consecutive term of two years' probation. Five months later, the defendant was sentenced to one to three years' incarceration on a separate offense. Upon serving his maximum five-year sentence, he was detained for a probation violation stemming from the first conviction. [The defendant] argued that he "constructively served" his probation on his first sentence while he was incarcerated for the second conviction. This Court disagreed….

- 6 -

The Court found that there is "no support in the Pennsylvania statutes that the General Assembly intended to permit defendants to serve a term of probation and a term of state incarceration simultaneously." *Allshouse*, 33 A.3d at 35.

*Commonwealth v. Brown*, 145 A.3d 184, 187-88 (Pa. Super. 2016) (footnote omitted). The *Allshouse* Court determined the defendant did not begin serving his first conviction's probationary sentence until his release from incarceration on his second conviction. *Allshouse*, 33 A.3d at 36.

In *Brown*, we observed that

probation rehabilitates a defendant in a less restrictive manner than total confinement. [*See Commonwealth v.*] *Basinger*, [982 A.2d 121, 127 (Pa. Super. 2009)]. As such, logic would lead to the conclusion that a term of probation cannot be served while the defendant is imprisoned on an unrelated sentence….

*Brown*, 145 A.3d at 188. The *Brown* Court followed *Allshouse* in determining the defendant's "probationary sentence did not commence until his release from" incarceration on a subsequent conviction. *Id.*[3]

Here, the PCRA court did not address *Allshouse* in determining that Appellant's sentence had expired. The PCRA court identified no legal authority supporting its conclusion that Appellant served his four-year probationary sentence while serving his murder sentence. *See* Rule 907 Notice, 1/30/24, at 1-2; PCRA Court Opinion, 6/3/24, at 1-3. In light of *Allshouse*, we agree with the Commonwealth and Appellant that Appellant's probationary sentence

_____

[3] In *Brown*, the defendant's subsequent conviction and incarceration were in a federal matter. *Brown*, 145 A.3d at 185.

will not commence until he is released from incarceration. Therefore, Appellant is eligible to seek PCRA relief.

Next, we must consider the timeliness of Appellant's PCRA petition. "If a PCRA petition is untimely, a court lacks jurisdiction." ***Commonwealth v. Reeves***, 296 A.3d 1228, 1230-31 (Pa. Super. 2023). A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). Here, Appellant's judgment of sentence became final in July 2008, when his time to file a direct appeal expired. His July 27, 2023, petition is therefore facially untimely.

"However, a petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)." ***Reeves***, 296 A.3d at 1231; ***see also*** 42 Pa.C.S.A. § 9545(b)(2) (requiring any petition invoking an exception to be filed within one year of the date the claim could have been presented). One exception is that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence…." 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception

> requires a petitioner to demonstrate he did not know the facts
> upon which he based his petition and could not have learned of

- 8 -

those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.

***Commonwealth v. Sanchez***, 204 A.3d 524, 526 (Pa. Super. 2019).

In his first issue, Appellant argues the PCRA court's letter constituted a previously-unknown fact sufficient to establish the newly-discovered fact exception to the PCRA's time-bar. Appellant's Brief at 12-16. Appellant argues that, until he received the letter, he could not have known that the PCRA court considered his sentence to be expired. ***Id.*** at 16.[4]

Here, our review discloses the PCRA court did not dismiss the instant petition as untimely, and conducted no timeliness analysis. We agree with Appellant that he established the newly-discovered fact exception, **but only as to his second issue**. His claim that the PCRA court's November 11, 2022, letter modified his sentence is squarely based on the letter and was filed within one year after Appellant received the letter. Therefore, we will address the merits of this issue.

---

[4] Appellant observed that, during the litigation of his second PCRA petition, the Commonwealth took the position that Appellant was eligible to seek PCRA relief because his probationary sentence would not commence until his release from incarceration. Appellant's Brief at 12 (citing Commonwealth's Response to Appellant's Second PCRA Petition, 1/11/22, at 1 n.1). Appellant further observed that the PCRA court dismissed his second petition as untimely, and did not determine he was ineligible for relief because he was no longer serving a sentence. ***Id.*** at 13.

In his second issue, Appellant argues the PCRA court's November 21, 2022, letter constituted an illegal modification of his sentence. Appellant's Brief at 6-8. Appellant observes that courts lack the authority to modify final, appealable orders more than 30 days after their entry. *Id.* at 8 (citing 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, … if no appeal from such order has been taken or allowed.")). However, our review discloses the PCRA court's letter does not purport to modify Appellant's sentence and is not a court order. *See* PCRA Court Letter, 11/21/22. Our review further discloses **the letter was never entered on the docket**. *See generally* PCRA Court Docket. Accordingly, the letter has no legal effect. Appellant's second issue merits no relief.[5]

In his third issue, Appellant argues the trial court improperly considered a prior juvenile adjudication as a factor when imposing sentence. Appellant's Brief at 8-12. Appellant asserts "[**i**]**t is obvious on the face of the transcript record that Appellant's prior juvenile** [**adjudication**] **was used as a**[**n**] **aggravating factor during sentencing**…." *Id.* at 10 (emphasis added); *see also id.* at 9 (citing N.T. (Sentencing), 6/18/08, at 4-26).

---

[5] We are unable to discern the point of Appellant's argument on this issue. If the PCRA court's letter had actually modified Appellant's sentence, the modification would have been in Appellant's favor. It is unclear what relief Appellant seeks.

Our review discloses Appellant's third issue is untimely and fails to satisfy any PCRA timeliness exception.  As Appellant's own argument makes clear, he knew or should have known the facts upon which his third issue is based at his June 18, 2008, sentencing.  Neither Appellant's petition nor his brief advances any timeliness argument apart from the assertion that the PCRA court's November 11, 2022, letter constituted a newly-discovered fact. Appellant's third issue is not based on the letter.  As Appellant failed to plead and prove any timeliness exception as to his third issue, the claim is untimely and merits no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024