J-S04033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AL COLLANTES | : | |
| | : | |
| Appellant | : | No. 1887 EDA 2024 |

Appeal from the PCRA Order Entered June 14, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0600853-1999

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 29, 2025**

Al Collantes appeals, *pro se*, from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts underpinning Collantes's conviction are irrelevant for disposition of the present appeal. Following a trial, a jury found Collantes guilty of second-degree murder, and the trial court sentenced him on May 31, 2000, to a term of life imprisonment without the possibility of parole. Although Collantes filed a post-sentence motion, which was subsequently denied on October 2, 2000, he never filed a direct appeal, thus finalizing his judgment of sentence on November 1, 2000. **See** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

_____
*Retired Senior Judge assigned to the Superior Court

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); **see also** Pa.R.Crim.P. 720(A)(2)(a) (requiring filing of notice of appeal "within 30 days" of court's denial of timely post-sentence motion).

Beginning in 2003, Collantes filed several jurisdictionally deficient PCRA petitions. Collantes filed the present PCRA petition, his fifth, on November 23, 2022, wherein he appended an article entitled "Right to Be Free" (the "Article"), that, *inter alia*, listed Philadelphia detectives that have purportedly been accused, charged, convicted, and/or "disciplined" for alleged actions of misconduct. **See** Fifth PCRA Petition, 11/23/22, at Exhibit A. Ultimately, because his judgment of sentence became final several decades ago, the court found that Collantes failed to plead and prove an exception to the PCRA's jurisdictional time-bar, notwithstanding his asserted recent discovery of that article. Collantes timely appealed from the court's dismissal of his petition.

On appeal, Collantes contends that he has pleaded and proved the applicability of the "newly discovered facts" exception to the time-bar through his inclusion of the Article, which discusses "Philadelphia Detective's [*sic*] Terence Sweeney and Dominick Mangoni's credibility and dishonesty issues[.]" Appellant's Brief, at 6.

As with all appeals stemming from the denial of PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted). Preliminarily, a petitioner must satisfy the jurisdictional timeliness requirements because the

court cannot hear untimely PCRA petitions. *See Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016). Specifically, a petitioner must file his PCRA petition within one year of the date a judgment of sentence becomes final or plead and prove, within the body of the petition, one of the three statutory exceptions to the timeliness requirement. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007); 42 Pa.C.S. § 9545(b)(1).

Collantes concedes, and the record confirms, that his present petition is facially untimely. *See* Appellant's Brief, at 3. However, Collantes also avers that he has satisfied an exception to the PCRA's time-bar insofar as he pleaded and proved that "the facts upon which [his] claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii) ("newly discovered facts" exception); *id*. § 9545(b)(1)(2) (requiring petitioner to invoke exception "within one year of the date the claim could have been presented[]"). In particular, Collantes claims that: (1) he discovered the Article on June 22, 2022, and (2) the Article demonstrated "a pattern [of] dishonesty" as it pertained to Detectives Sweeney and Mangoni. Appellant's Brief, at 6; *see also* Fifth PCRA Petition, 11/23/22, at Exhibit A (Detectives Sweeney and Mangoni appear on "Philadelphia Accused Detectives" list coupled with Collantes's handwriting, *inter alia*, describing Detective Sweeney as "arresting officer," but providing illegible script as to Detective Mangoni).

In finding that Collantes failed to satisfy the PCRA's time-bar, the PCRA court concluded that Collantes had "not presented any information as to the

alleged nature of the misconduct in his case, nor even whether these officers had any involvement with his case and, if so, what evidence may have been fabricated, or whether any other improprieties may have been committed." PCRA Court Opinion, 6/14/24, at 2 (unpaginated).[1] The court continued: "[t]he mere fact that these officers may have been charged with misconduct in general does not operate as a newly discovered fact in [Collantes's] case." *Id*.

We agree that bald allegations of misconduct derived from media reports, without any nexus to Collantes's case, do not serve to establish a new fact for purposes of circumventing the PCRA's time-bar.

First, in rejecting the assertion that newspaper articles[2] are sufficient to establish a newly discovered fact, our Supreme Court has held that "allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014); *see also Commonwealth v. Blakeney*, 193 A.3d 350, 377 (Pa. 2018) (quoting same upon disposing of time-bar exception claim). As such, because the newspaper article in *Castro* merely referenced what *could* be evidence, there was no "fact" contained within it, only

---

[1] As previously indicated, Collantes handwrote on the Article that Detective Sweeney was the arresting officer, presumably in his case.

[2] Collantes's submission appears to be from a magazine or other type of publication, but under the auspice of the PCRA, there does not appear to be anything that materially distinguishes it from the treatment afforded to newspaper articles.

information that could lead a petitioner to discover facts. ***Castro***, 93 A.3d at 827.

Second, this Court has found that "newspaper articles referencing misconduct by [law enforcement officers] in matters unrelated to [the petitioner] do not constitute newly-discovered facts." ***Commonwealth v. Reeves***, 296 A.3d 1228, 1233 (Pa. Super. 2023). In ***Reeves***, a case where the appellant sought an exception to the time-bar by asserting a newspaper article referencing police misconduct in unrelated matters, this Court concluded that the appellant's failure to provide "new information in *his* [own] case" was fatal to his argument for jurisdiction. ***Id.*** at 1232 (emphasis in original).

Here, Collantes has failed to tether the allegations contained in the Article to the facts of his case, his conviction, or his sentence. Instead, the Article merely notes that the two complained-of detectives, in a list of dozens of other similarly situated law enforcement officials, have been accused, charged, convicted, and/or "disciplined" without any further explanation.[3] Without any link tying the officers and their alleged transgressions to *any* discrete component of Collantes's case, he has failed to plead and prove the existence of a newly discovered fact. ***See Reeves***, ***supra***. Consequently, Collantes has not overcome the PCRA's jurisdictional time-bar, and the PCRA

---

[3] As the Commonwealth notes, the list relied upon by Collantes does not describe any specific instances of alleged misconduct, let alone any connection to his case. ***See*** Appellee's Brief, at 8.

court correctly determined that it did not have jurisdiction to entertain any of the substantive claims contained within Collantes's petition.

Accordingly, we affirm the order dismissing Collantes's serial PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/29/2025