J-S19002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANUEL H. HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 2964 EDA 2024 |

Appeal from the PCRA Order Entered October 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0641321-1992

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 4, 2025**

Manuel H. Hernandez appeals pro se from the order entered on October 16, 2024, dismissing his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Hernandez claims the PCRA court erred in finding he has not met a timeliness exception. We affirm.

A prior panel of this Court set forth the relevant factual and procedural history:

> On April 22, 1992, Hernandez robbed his victim at gunpoint in the victim's home. Two days later, Hernandez returned to the victim's neighborhood with four compatriots and used a teenage bystander as a human shield when he shot the victim in the stomach. The victim died later that day. Hernandez was twenty-two years old at the time of the murder. Hernandez was tried by a jury and found guilty of first-degree murder, kidnapping, recklessly endangering another person, and possessing an instrument of crime. On July 23, 1993, the trial court sentenced Hernandez to life in prison without the possibility of parole for murder and an aggregate,

concurrent sentence of 2½-5 years' imprisonment on the remaining charges. Hernandez filed post-trial motions that were denied. On May 4, 1992, our Court affirmed Hernandez's judgment of sentence on direct appeal. On December 1, 1994, the Pennsylvania Supreme Court denied Hernandez's petition for *allocatur*.

***Commonwealth v. Hernandez***, 3374 EDA 2018, *1 (Pa. Super. filed May 21, 2019) (unpublished memorandum; footnote omitted).

Hernandez filed the instant PCRA petition, his third, on May 6, 2024. The PCRA court issued a Rule 907 notice of intent to dismiss on July 30, 2024. ***See*** Pa.R.Crim.P 907. Hernandez replied to the notice on August 19, 2024. The PCRA court dismissed his PCRA petition and Hernandez timely appealed. The PCRA court did not order Hernandez to file a Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b).

Hernandez raising the following issue for our review:

Did the [PCRA c]ourt err in finding that [Hernandez's] [PCRA] petition was an untimely filed PCRA petition?

Appellant's Brief, at 1 (unnecessary capitalization omitted).

Our well-established standard of review from the dismissal of a PCRA petition is "to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Reeves***, 296 A.3d 1228, 1230 (Pa. Super. 2023) (citation and internal quotation marks omitted). Further, "[o]ur scope of review is limited to the findings of the PCRA court and the evidence of record,

viewed in the light most favorable to the party who prevailed in the PCRA court proceedings." *Id.* (citation omitted).

> A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review. The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.

*Id.* at 1230-31 (citations and internal quotation marks omitted).

> There are three exceptions to this timeliness requirement:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercises of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petition alleging a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Furthermore, "[a] second or subsequent petition for post-conviction

relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate a miscarriage of justice may have occurred." ***Commonwealth v. Nedab***, 195 A.3d 957, 959 (Pa. Super. 2018) (citation omitted).

Hernandez admits his current PCRA petition is untimely. ***See*** Appellant's Brief, at 4. Hernandez invokes the government interference and newly-discovered facts exceptions. ***See id.*** at 4-5. Specifically, Hernandez asserts, "on September 5, 2023, he learned that the previous administration in the Philadelphia District Attorney's Office had maintained a[nd] engaged in unethical non-disclosure of evidence … in previous decades." ***Id.*** at 7.

The Commonwealth argues the PCRA court correctly held Hernandez's allegation does not satisfy either timeliness exception because "defendant 'relied on nothing more than bare assertions' of misconduct, and did 'not actually contend that the Commonwealth suppressed any evidence in his case, much less alleged the suppression of specifically identified evidence.'" Appellee's Brief, at 8 (quoting PCRA Court Opinion, 10/16/24, at 2). We agree.

"To make a successful claim of governmental interference, an appellant must show a violation of his rights under constitutional or state law." ***Reeves***, 296 A.3d at 1231 (citation and internal quotation marks omitted). The petition in ***Reeves*** raised a similar claim as Hernandez does here. In ***Reeves***, the petitioner relied upon an article in the Philadelphia Inquirer, that stated, in part, "a pattern we're seeing in old cases[ is that] prosecutors weren't attuned to their constitutional and ethical responsibilities as they are now." ***Id.*** (record

- 4 -

citation omitted). This Court held "[t]his general statement does not demonstrate governmental interference … . Therefore, [petitioner] has not proven a governmental interference exception." ***Id.***

The same applies here. Hernandez does not allege the Commonwealth actually suppressed evidence in his case. He merely alleges he recently found out that evidence was allegedly suppressed in other, unrelated, cases, by the Commonwealth. This is insufficient to meet the governmental interference exception to the timeliness requirement.

Next, Hernandez argues the newspaper article meets the newly discovered fact timeliness exception. ***See*** Appellant's Brief, at 7-8. Hernandez claims the same newspaper article quoted above meets this exception. ***See id.***

A newly discovered fact is an exception to the timeliness requirement when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court addressed a newspaper article in ***Commonwealth v. Castro***, 93 A.3d 818 (Pa. 2014). There, the Court held a newspaper article is not evidence: "the article contains allegations that suggest [] evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation. Nothing in these allegations, even read in the broadest sense, can be described as 'evidence[.]'" ***Id.*** at 825.

We quoted **Castro** in finding newspaper articles were insufficient to establish a newly discovered fact in **Reeves**. There, we held that the newspaper articles the petitioner relied upon were not newly discovered facts. **Reeves**, 296 A.3d at 1233. The exact principle applies here. Hernandez has not cited any new information in his case. He merely alleges a wide-ranging lack of disclosure in other, unrelated, cases in the Philadelphia District Attorney's Office. Hernandez does not make any allegation that evidence was not disclosed in his case. This is insufficient to establish a newly discovered fact.

As such, Hernandez has failed to establish a timeliness exception for his instant PCRA petition. The PCRA court correctly held it was without jurisdiction to hear Hernandez's untimely petition. **See** PCRA Court Opinion, 10/16/24, at 2. We therefore affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/4/2025