J-S17002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK E. SPIVEY | : | |
| | : | |
| Appellant | : | No. 2290 EDA 2025 |

Appeal from the PCRA Order Entered August 21, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003401-2009

BEFORE:   PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 18, 2026**

Derrick E. Spivey appeals from the order dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] Spivey argues the PCRA court erred in dismissing his PCRA petition as untimely filed. After careful review, we affirm.

Based upon the claim presented and our decision, we provide the following brief factual and procedural history obtained from the certified record.

On February 20, 2008, Marvin Hudson was shot and killed. During the investigation of the shooting, Detective James Pitts interviewed two

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

eyewitnesses: Karefe Cover and Rahman Isaac. Both identified Spivey as the shooter. Spivey was arrested and charged with Hudson's murder.

At Spivey's preliminary hearing held on March 18, 2009, Isaac testified that the only reason he identified Spivey as the shooter was because Detective Pitts assaulted him and coerced him into the identification. The charges were bound over for trial. Spivey proceeded to trial and was convicted of first-degree murder, conspiracy to commit first-degree murder, and two counts of attempt to commit murder.[2] The trial court sentenced Spivey to life imprisonment without the possibility of parole. Spivey appealed to this Court, which affirmed his judgment of sentence. *See Commonwealth v. Spivey*, 55 A.3d 122 (Pa. Super. filed July 2, 2012) (unpublished memorandum). On December 19, 2012, the Supreme Court of Pennsylvania denied his petition for allowance of appeal. *Commonwealth v. Spivey*, 377 EAL 2012 (Pa. filed Dec. 19, 2012).

On December 13, 2013, Spivey filed a timely counseled PCRA petition. The PCRA court dismissed his PCRA petition and Spivey appealed. This Court affirmed in part, reversed in part, and remanded for a hearing on one of Spivey's claims. *See Commonwealth v. Spivey*, 3105 EDA 2015 (Pa. Super. filed Nov. 1, 2016) (unpublished memorandum). On August 1, 2017, following a hearing on the remanded claim, the PCRA court granted Spivey's PCRA

---

[2] 18 Pa.C.S.A. §§ 2502(a), 903, 901.

petition and ordered a new trial. The Commonwealth did not appeal that decision.

On January 1, 2018, Spivey, through counsel, filed a motion seeking an order requiring the Commonwealth to turn over evidence regarding investigations and lawsuits against Detective James Pitts for assaulting witnesses into giving false statements, since he participated in interviewing witnesses in this case. Spivey believed this evidence was **Brady**[3] material and alleged the Commonwealth was required to provide it to the defense. After a hearing, the court granted in part and denied in part Spivey's request.

On April 26, 2019, Spivey pled guilty to a negotiated guilty plea agreement consisting of a plea to third-degree murder and persons not to possess firearms.[4] The trial court sentenced Spivey that day to the agreed-upon sentence of eleven to twenty-two years of incarceration for third-degree murder and a concurrent term of five to ten years of incarceration for persons not to possess firearms. Spivey did not file an appeal to this Court.

On August 19, 2024, Spivey filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition arguing the Commonwealth violated **Brady** by failing to provide impeachment material regarding Detective Pitts, who was accused of significant misconduct during his career

---

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

[4] 18 Pa.C.S.A. §§ 2502(c), 6105(a), respectively.

as a law enforcement officer, culminating in his conviction in 2024 for perjury and obstructing administration of law, among other charges.

On July 22, 2025, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Spivey filed a response. The PCRA court dismissed Spivey's PCRA petition on August 21, 2025. Spivey filed a notice of appeal. The court did not order a Rule 1925(b) statement and relied upon its opinion and order dismissing Spivey's PCRA petition for the reasons supporting its decision. *See* Pa.R.A.P. 1925(a), (b).

Spivey raises three questions for our review, all focusing on whether the Commonwealth violated the mandates of *Brady*. *See* Appellant's Brief, at viii. However, before we can address Spivey's claims, we must first determine if we have jurisdiction to hear his *Brady* claims.

> A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review. The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.

*Commonwealth v. Reeves*, 296 A.3d 1228, 1230-31 (Pa. Super. 2023) (quotation marks and citations omitted).

> A court has jurisdiction to review a facially untimely PCRA petition if the petition alleges, and the petitioner proves[,] one of the following exceptions:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the

- 4 -

> presentation of the claim in violation of the
> Constitution or laws of this Commonwealth or the
> Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were
> unknown to the petitioner and could not have been
> ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was
> recognized by the Supreme Court of the United States
> or the Supreme Court of Pennsylvania after the time
> period provided in this section and has been held by
> that court to apply retroactively.

*Commonwealth v. Mickeals*, 335 A.3d 13, 20 (Pa. Super. 2025) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)). Further, a PCRA petition alleging a timeliness exception must be filed within one year of when the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

> Finally, we note:
>
> This Court examines PCRA appeals viewed in the light most
> favorable to the prevailing party. The petitioner bears the burden
> to prove, by a preponderance of the evidence, that he or she is
> eligible for PCRA relief. … [Q]uestions regarding the scope of the
> statutory exceptions to the PCRA's jurisdictional time-bar raise
> questions of law; accordingly, our standard of review is *de novo*.
> As a general proposition, an appellate court reviews the PCRA
> court's findings to see if they are supported by the record and free
> from legal error.

*Mickeals*, 335 A.3d at 20 (quotation marks and citations omitted; some formatting altered).

Spivey recognizes that his PCRA petition is untimely and alleges he met the newly discovered fact and government interference exceptions to the PCRA time-bar. *See* Appellant's Brief, at 16, 21, 23. Spivey asserts Detective

Pitts' conviction in 2024 is a newly discovered fact of the detective's "systemic misconduct." *Id.* at 16-17. He further argues "the newly discovered fact here is not just the underlying misconduct but also the Commonwealth's long suppression of impeachment evidence." *Id.* at 17. We disagree.

This Court has addressed the newly discovered fact exception as follows:

To invoke the newly-discovered fact time-bar exception the petitioner must establish that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. The facts must be newly-discovered not merely newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.

*Mickeals*, 335 A.3d at 21 (quotation marks and citations omitted).

In *Mickeals*, this Court found that a detective's conviction in an unrelated case cannot establish a newly discovered fact where the petitioner had previously known of the detective's misconduct in his own case. *See id.* at 23-24. "The testimony at [the detective's] trial about his misconduct towards witnesses and defendants was at best, newly-uncovered information pertinent to previously known facts. Such new sources of previously known facts do not satisfy the newly-discovered fact exception." *Id.* at 24.

Notably, Spivey "cites no new information in his case." *Commonwealth v. Reeves*, 296 A.3d 1228, 1233 (Pa. Super. 2023) (emphasis omitted). Spivey knew about the alleged misconduct by Detective Pitts in his case as early as 2009, when, during his preliminary hearing, a witness recanted his

- 6 -

statement and testified he only identified Spivey as the shooter because Detective Pitts assaulted him. *See* Motion for the Commonwealth to Produce *Brady* Information, 1/17/18, at 4.

Detective Pitts' conviction is therefore not a newly discovered fact. It is, at most, a newly-uncovered source that supports a previously known fact. Spivey has not met the newly discovered fact exception.

Next, Spivey claims he meets the government interference exception because "the Commonwealth … failed to disclose Detective Pitts' misconduct, the records were non-public, and a right to know request was unavailable." Appellant's Brief, at 21-22. Further, Spivey asserts the Commonwealth claimed it did not possess any *Brady* material relative to Detective Pitts' misconduct in response to his pre-plea motion seeking a court order regarding Detective Pitts' misconduct history, and that denial compounded the government interference. *See id.* at 22-23. We disagree.

To establish a claim of government interference, the petitioner must prove that "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S.A. § 9545(b)(1)(i). "[T]he test is if [the petitioner] was precluded from raising a challenge but for the

governmental interference." **Commonwealth v. Johnson**, 319 A.3d 35, *4 (Pa. Super. 2024) (unpublished memorandum).[5]

Notably, Spivey had previously raised his **Brady** claim regarding Detective Pitts' misconduct. In 2018, after Spivey was granted a new trial and before he pled guilty, he filed a "Motion for the Commonwealth to Produce **Brady** Information." Within that motion, Spivey discussed Detective Pitts' history of misconduct, calling him "a thug with a badge." Motion for the Commonwealth to Produce **Brady** Information, 1/17/18, at 5. Spivey acknowledged that he knew about the lawsuits filed against Detective Pitts and requested the court to order the Commonwealth to turn over "all **Brady** information, including lawsuits, pertaining to beatings of defendants and witnesses by Detective James Pitts[.]" **Id.** at 6.

The court held a hearing on Spivey's motion on February 13, 2018. The court allowed Spivey's counsel to explain why he believed he was entitled to all the lawsuits pertaining to Detective Pitts and what exactly he was requesting from the Commonwealth. **See** N.T. Hearing, 2/13/18, at 6-25, 38-40. The Commonwealth did not deny the existence of the civil lawsuits against Detective Pitts. The Commonwealth asserted it did not have those lawsuits in its possession, as they were in the possession of the city solicitor's office and

---

[5] Unpublished, non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. **See** Pa.R.A.P. 126(b). We find **Johnson** persuasive in the instant matter as it involved a similar claim regarding Detective Pitts' misconduct.

Spivey had the same access to that information as it did. **See id.** at 26-27. The Commonwealth further did not deny that an internal affairs investigation was pending, but they did not have the records regarding that investigation and, again, Spivey had the same ability to subpoena that information as it did. **See id.** at 32.

The court did not make its decision that day. All parties returned to court on April 26, 2018. Spivey's counsel conceded that some of the information requested he would be able to seek through a subpoena, without the Commonwealth obtaining it for him. **See** N.T. Hearing, 4/26/18, at 2-3. The court then ruled upon the motion and ordered some of the requested evidence must be obtained by the Commonwealth and turned over to Spivey. **See id.** at 17-18, 21-22. There is nothing in the record suggesting that the Commonwealth failed to comply with this order. Spivey pled guilty a year later, with full knowledge of the misconduct alleged against Detective Pitts, including the one witness in his case that testified at his preliminary hearing in 2009 that he only identified Spivey as the shooter because Detective Pitts assaulted him.

Spivey was therefore never prevented from raising his **Brady** claims prior to his re-trial and did, in fact, raise the claims over a year before he pled guilty. He received some relief on the claims he raised as the court ordered the Commonwealth to go through certain files involving Detective Pitts and turn over that information. Spivey had this information prior to pleading guilty.

He was also well aware that one of the eyewitnesses who identified him claimed Detective Pitts coerced him into providing the identification. Despite this, Spivey made a knowing, voluntary, and intelligent decision to plead guilty to a negotiated plea deal. Consequently, Spivey failed to establish the government interference exception.

Because Spivey has not established a timeliness exception to the PCRA time-bar, neither the PCRA court nor this Court has jurisdiction to hear his claims. Thus, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/18/2026