**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARIAN L. PERSON | : | |
| | : | |
| Appellant | : | No. 2541 EDA 2023 |

Appeal from the PCRA Order Entered September 13, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013496-2014

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 27, 2025**

Appellant, Darian L. Person, appeals *pro se* from the September 13, 2023, order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

> On December 2, 2015, [Appellant] entered into a negotiated guilty plea to murder of the third-degree, conspiracy to commit murder, and aggravated assault. On that same date, [Appellant] was sentenced to an aggregate term of twenty-five to fifty years imprisonment. [Appellant] did not file a post-sentence motion, nor did [Appellant] file a direct appeal. Therefore, [Appellant]'s judgment of sentence became final on January [4], 2016,[1] when the time to seek appellate review expired.

_____

[1] The thirtieth day from December 2, 2015, the date of sentencing, fell on Friday, January 1, 2016. When the final day for filing falls on a Saturday, Sunday or a legal holiday, however, that day is omitted from the computation. *(Footnote Continued Next Page)*

On September 8, 2016, [Appellant] *pro se* filed his first PCRA petition. [The PCRA court] conducted an evidentiary hearing and, on December 18, 2017, denied [Appellant] relief. [Appellant appealed, and, on June 19, 2019, the Superior Court affirmed. Our Supreme Court denied allocat[u]r on December 3, 2019.

On September 16, 2021, [Appellant] *pro se* filed the instant petition[,] his second. [The PCRA court] accepted [Appellant]'s supplemental petitions, which he filed on January 4, 2022, January 18, 2022, and June 21, 2022.

On May 23, 2023, the Commonwealth filed a motion to dismiss; and, on July 10, 2023, [Appellant] filed a response.

Upon review of the [p]etition, as amended and supplemented, and the Commonwealth's response thereto, [the PCRA court] determined that [Appellant]'s claims were untimely and without merit and, on July 26, 2023, gave notice to all parties of the court's intention to dismiss the [p]etition without an evidentiary hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. [Appellant] filed a response to the Rule 907 notice on August 14, 2023, and, on September 13, 2023, [the PCRA court] formally dismissed the [p]etition.

PCRA Court Opinion, 12/18/23, at 1-2.

This appeal followed. Both the PCRA court and Appellant complied with Rule 1925.

On appeal, Appellant raises several substantive claims. Regarding timeliness, Appellant argues that his claims can be reviewed under the newly-discovered evidence and the governmental interference exceptions to the

_____

**See** 1 Pa.C.S.A. § 1908. "New Year's Day, January 1" is a "legal public holiday." **See** 5 U.S.C.A. § 6103(a). Accordingly, January 1, 2016 was omitted from computation. Likewise, we do not include Saturday or Sunday in the computation. Accordingly, Appellant's judgment became final on January 4, 2016.

PCRA's one year statute of limitations. ***See*** 42 Pa.C.S.A. § 9545(b)(i-ii).[2] Specifically, Appellant argues that facts he learned from a Philadelphia Inquirer newspaper article dated July 15, 2021, titled "The Homicide Files," which details the Inquirer's investigation into the misconduct of several Philadelphia police detectives, some of whom investigated the underlying investigation of the instant matter, satisfied the newly discovered evidence exception. Appellant also argues that the Commonwealth violated ***Brady*** by not disclosing to Appellant the contents of the article.

The PCRA court rejected the claims as untimely. We agree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

_____

[2] Section 9545(b) provides in relevant part:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. . .

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

It is undisputed that the underlying petition is facially untimely. Appellant's judgment of sentence became final on January 4, 2016, and a timely PCRA petition was due within one year of sentence finality, or January 4, 2017. The present petition, which was not filed until September 16, 2021, is, therefore, facially untimely.

Several other PCRA petitioners have argued unsuccessfully that the "Homicide File" article satisfies the newly-discovered evidence exception. *See*, *e.g.*, *Commonwealth v. Reeves*, 296 A.3d 1228 (Pa. Super. 2023). The present attempt fares no better.

This Court has explained:

The [newly-discovered] facts exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.... Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

[A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief, petitioner must plead and prove by a preponderance of evidence that the conviction or sentence resulted from, inter alia, unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced).

Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

***Commonwealth v. Brown***, ***G. L.***, 111 A.3d 171, 176 (Pa. Super. 2015)

(some citations omitted).

In ***Commonwealth v. Brown***, ***J.***, 141 A.3d 491, 502 (Pa. Super. 2016), we explained that newspaper articles are insufficient to establish a newly-discovered fact exception:

Our Supreme Court addressed a situation like the one in the case *sub judice* in ***Commonwealth v. Castro***, 625 Pa. 582, 93 A.3d 818 (2014). In ***Castro***, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the PCRA's timeliness requirement. Our Supreme Court held that a newspaper "article contain[ed] allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." ***Id.*** at 825.

> In . . . **Castro** . . . [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. **See id.** at 827. Thus, there [wa]s no fact within the [article], only information which could lead Appellant to discover facts.

**Brown**, **J.**, *supra*, at 502 (emphasis added); **Castro**, *supra* (reversing grant of hearing based on after-discovered evidence because newspaper article, submitted as sole support for new trial, "do[es] not constitute evidence").

In this case, the "Homicide File" newspaper article does not constitute newly-discovered evidence for two reasons. First, it references misconduct by detectives in matters unrelated to Appellant. **Brown**, **J.**, **Castro**, **supra**. Additionally, while the article reports instances of alleged misconduct by the subject detectives, the article does not cite any admissions or conclusive findings of wrongdoing by the detectives that may be linked to Appellant's case. **See Commonwealth v. Trivigno**, 2021 WL 3465926, at *4 (Pa. Super. filed August 6, 2021) (relying on **Commonwealth v. Chmiel**, 173 A.3d 617 (Pa. 2017)).[3]

Appellant also attempts to invoke the governmental interference exception by arguing that the Commonwealth withheld evidence in violation of **Brady**.[4] Specifically, Appellant argues that the Commonwealth should have

---

[3] Non-precedential Superior Court decisions filed after May 1, 2019 may be cited for cited for their persuasive value. **See** Pa.R.A.P. 126(b).

[4] To successfully invoke the governmental interference exception, Appellant must plead and prove the failure to previously raise the [underlying] claim
*(Footnote Continued Next Page)*

informed Appellant prior to his guilty plea of allegations of misconduct in unrelated cases against some of the detectives assigned to his case (Detectives Komorowski, Tolliver, and Grebloski). Appellant argues that had he known of these allegations prior to his plea, he would not have pled guilty and would have proceeded to trial. Appellant's Brief at 26-27.

Regarding Detective Komorowski, Appellant alleges that the Commonwealth should have disclosed that the detective is/was a defendant in two civil cases. One lawsuit alleges that Detective Komorowski made a false report, and the other alleges he conducted a suggestive identification lineup. This evidence does not qualify as a *Brady* violation for several reasons. First, information concerning a civil lawsuit against the detective was available through non-governmental sources and could have been obtained through defense counsel's own reasonable investigation. *See*, *e.g.*, *Commonwealth v. Carson*, 913 A.2d 220, 263 (Pa. 2006).

---

was the result of interference by governmental officials, and that the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i). A *Brady* violation may qualify as governmental interference if the above requirements are met. *Id.*

"[T]o establish a *Brady* violation, a defendant is required to demonstrate that exculpatory or impeaching evidence, favorable to the defense, was suppressed by the prosecution, to the prejudice of the defendant." *Commonwealth v. Gibson*, 951 A.2d 1110, 1126 (Pa. 2008).

Second, Appellant failed to show prejudice from the Commonwealth's alleged conduct. To satisfy the prejudice inquiry, the evidence suppressed must have been material to guilt or punishment. ***Gibson***, ***supra***. "Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability, in turn, is a probability sufficient to undermine confidence in the outcome." ***Commonwealth v. Paddy***, 800 A.2d 294, 305 (Pa. 2002) (internal citations and quotation marks omitted). "The materiality inquiry is not just a matter of determining whether, after discounting the inculpatory evidence in light of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions." ***Commonwealth v. Lambert***, 884 A.2d 848, 854 (Pa. 2005). "Rather, the question is whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." ***Id.*** While the evidence of the lawsuits might have been used to impeach the detective, Appellant failed to show that suppression cast the entire case in such a different light as to undermine confidence in the verdict.

Finally, in any event, the Commonwealth and the trial court both note that the suppressed evidence was inadmissible, because the existence of lawsuits against an officer is not admissible at trial or at an evidentiary hearing under the hearsay rule. ***See*** Pa.R.E. 801(c). As such, it would not be the basis for a ***Brady*** violation. ***See***, ***e.g.***, ***Lambert***, 884 A.2d at 857.

Regarding Detective Tolliver, Appellant argues that the Commonwealth should have disclosed that two civil lawsuits were filed against Detective Tolliver alleging misconduct on his part. We reject the instant claim for the same reasons stated in connection with the allegations pertaining to Detective Komorowski.

Similarly, regarding Detective Grebloski, Appellant argues that the Commonwealth failed to inform Appellant that the detective: (1) coerced three minors into signing false statements in an unrelated case, (2) had a civil lawsuit against him, and (3) was subject to an Internal Affairs investigation.

In support of the first allegation against Detective Grebloski, Appellant provides a screenshot of the Homicide Files article at issue here. The article does not contain any information concerning Detective Grebloski. The second allegation against Detective Grebloski does not qualify as a ***Brady*** violation because the existence of a lawsuit against an officer is not admissible at trial or at an evidentiary hearing under the hearsay rule. ***See*** Pa.R.E. 801(c). Finally, the Commonwealth notes that there is no internal affairs file on Detective Grebloski. ***See*** Commonwealth's Motion to Dismiss, 5/23/23, at 17. Even if there was one, Appellant suffered no prejudice due to lack of materiality.

In conclusion, because Appellant failed to prove that the Commonwealth violated its *Brady* obligations in Appellant's case, Appellant cannot satisfy the governmental interference exception under Section § 9545(b)(1)(i).[5]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2025

---

[5] We also note that Appellant failed to adequately plead and prove why the suppressed evidence "could not have been obtained earlier with the exercise of due diligence." *Abu-Jamal*, *supra*. Indeed, as acknowledged by Appellant, some of the events pertaining to the detectives occurred before or around the time of his guilty plea. The instant petition, however, was filed years after Appellant's judgment sentence became final without any explanation for the delay.