

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2003

# Hussmann v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket 01-1724

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Hussmann v. Vaughn" (2003). *2003 Decisions.* Paper 628.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/628

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 01-1724
_____

JOSEPH HUSSMANN,

Appellant

v.

DONALD T. VAUGHN;
THE DISTRICT ATTORNEY OF
THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No.99-cv-04512)
District Judge: Honorable Louis Charles Bechtle

_____

Argued on March 4, 2003

Before: ROTH, BARRYand FUENTES CIRCUIT JUDGES

(Opinion filed: April 24, 2003)

Harvey R. Meltzer, Esquire (Argued)
354 Eisenhower Parkway
P.O. Box 21
Livingston, New Jersey 07039

Attorney for Appellant

Marilyn F. Murray (Argued)
  Assistant District Attorney
Thomas W. Dolgenos
  Chief, Federal Litigation
Ronald Eisenberg
  Deputy District Attorney
  Law Division
Arnold H. Gordon
  First Assistant District Attorney
Lynn Abraham
  District Attorney
Office of District Attorney
1421 Arch Street
Philadelphia, PA 19102

    Attorney for Appellees

_____

OPINION

_____

ROTH, Circuit Judge:

On December 10, 1980, Joseph Hussmann was convicted of two counts of second degree murder, criminal conspiracy, and arson for his role in an arson-for-hire scheme. The jury found that Hussmann had offered Burton Smith $500 to $600 to burn down Hussmann's house at 4340 Elizabeth Street in Philadelphia in order that Hussmann might receive $25,000 in insurance money. Smith in turn recruited Richard Hahn to help and offered Hahn half of his proceeds from the arson. Richard Hahn and Kevin Higgins, an employee of Hussmann, were killed in the fire. Smith suffered extensive burns and amputation of several fingers. Smith was arrested and, in exchange for a reduced sentence, divulged Hussmann's insurance fraud plan.

2

On July 20, 1999, we granted Hussmann's petition to file a second or successive habeas petition under 28 U.S.C. § 2244. On September 9, 1999, Hussmann filed his petition, raising twelve claims. On March 2, 2001, the District Court dismissed the petition as time barred and found no probable cause to issue a certificate of appealability. Hussmann appealed and applied to us for a certificate of appealability. On June 12, 2001, we granted a certificate of appealability to address the following issues: (1) Can petitioner demonstrate actual innocence, (2) Is there an "actual innocence" exception to AEDPA's statute of limitations provided in 28 U.S.C. § 2244(d)(1), and (3) If petitioner's claim is not time-barred, is it procedurally defaulted.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and §2253 (c)(1)(A). We exercise plenary review over the District Court's legal conclusions. *See Johnson v. Rosemeyer*, 117 F. 3d 104 (3d Cir. 1997).

First, Hussmann claims that he has demonstrated "actual innocence" and should be granted appropriate relief. Hussmann asserts this contention under 28 U.S.C. § 2244(b)(2)(A) which provides that, if the second petition asserts a claim that was not previously presented, the claim must be dismissed unless the claim is predicated on newly discovered evidence that clearly establishes the prisoner's innocence.

To prevail on this contention, Hussmann must persuade us that, in light of the new evidence, no juror, acting reasonably, would not have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney*, 294 F. 3d 506, 522 (3d Cir. 2002) citing *Cristin v.*

3

*Brennan*, 281 F. 3d 404, 420 (3d Cir. 2002). Further, Hussmann must support his allegations with new reliable evidence that was not presented at trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Hussmann claims he can demonstrate his actual innocence based on affidavits of two of his fellow prison inmates. The two affidavits, dated 1994 and 1996, are from Joseph Hahn, brother of one of the victims in the fire, and Stephen Lathrop. The affiants attest to their knowledge of unlawful influence over the trial judge and over Burton Smith, who was a key witness for the government. Joseph Hahn attests that he visited Burton Smith in the hospital and that Smith told him that he and Richard Hahn were asked to burn down Hussmann's Elizabeth Street home by someone who had a grudge against Hussmann. Lathrop attests that he had a conversation with Burton Smith and that Smith told him that Hahn threatened and coerced Smith into falsely testifying against Hussmann.

The reliability of these affidavits is extremely dubious. They are based on information that cannot be affirmed because Richard Hahn and the trial judge have both died. Hussmann himself acknowledges that the affidavits are unreliable, stating that he can understand why a court would be skeptical about them. Moreover, these unreliable statements do not demonstrate Hussmann's actual innocence but merely impeach Smith's credibility.

Because Hussmann has failed to establish his actual innocence or to convince us that a reasonable juror would not have voted to find him guilty beyond a reasonable doubt,

4

based on the information contained in the two new affidavits, we find no basis for a contention of actual innocence, as required by 28 U.S.C. § 2244(b)(2)(A).

In view of the fact that we conclude that Hussmann has no basis to assert a claim of actual innocence, we will not go on to consider the remaining two questions certified: Whether there is there an "actual innocence" exception to AEDPA's statute of limitations and whether, if Hussmann's claim is not time-barred, it is procedurally defaulted.

For the foregoing reasons, we will affirm the District Court's judgment, dismissing the petition.

_____

TO THE CLERK:

     Please file the foregoing Opinion.


        By the Court,



       /s/ Jane R. Roth
              Circuit Judge