J-S17003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH HUSSMANN | : | |
| | : | |
| Appellant | : | No. 2699 EDA 2024 |

Appeal from the PCRA Order Entered September 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0804521-1980

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 9, 2025**

Joseph Hussmann (Appellant), *pro se*, appeals from the order

dismissing, as untimely filed, his fifth petition filed under the Post Conviction

Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously summarized the factual background:

[Appellant] was engaged in remodeling a residential dwelling [(the dwelling) that] he owned[, located] on Elizabeth Street in the City of Philadelphia. Because his construction business was saddled with debt, … [Appellant] determined to burn the dwelling … to collect the insurance thereon. He persuaded Burton Smith [(Smith)] to set the fire and paid him to do so. [Appellant] also provided the gasoline to be used as an accelerant. Smith, in turn, recruited Richard Hahn [(Hahn)], an acquaintance, to assist in starting the fire. At or about midnight on August 15, 1979, Smith and Hahn went to [the dwelling] to start a fire. There they found Kevin Higgins [(Higgins)], an employee of [Appellant], who occupied a furnished room. As Higgins was preparing to vacate his room, Hahn and Smith poured gasoline over various parts of the building. While they were doing so, the gasoline was prematurely and accidentally ignited. Hahn and Higgins perished in the ensuing blaze. Smith was found a block away, severely

burned and writhing in pain. Although he initially denied participation in setting the fire, Smith subsequently confessed his role to Hahn's relatives. He also gave a statement to the police and agreed, pursuant to plea bargain, to testify against [Appellant].

***Commonwealth v. Hussmann***, 485 A.2d 58, 60 (Pa. Super. 1984).

In connection with Appellant's fourth PCRA petition, we summarized the relevant procedural history:

On December 10, 1980, [following a jury trial, Appellant] was found guilty of two counts of murder in the second degree and one count each of criminal conspiracy and arson endangering property.[1] [Appellant] was sentenced to a term of life imprisonment. [Appellant] filed an appeal to the Pennsylvania Superior Court[,] which affirmed the judgment of sentence. The Pennsylvania Supreme Court denied *allocatur* on June 18, 1985.

[Appellant] filed his first PCRA [petition] on June 7, 1988. Counsel was appointed to represent [Appellant]. After review, counsel determined that the issues raised lacked merit. As a result, the PCRA court [permitted counsel to withdraw and] dismissed the petition. [Appellant] appealed[,] and the Superior Court affirmed on August 22, 1990.

[Appellant] filed his second PCRA petition on April 23, 1993. This petition was dismissed on May 20, 1993. The Superior Court affirmed on May 5, 1994. …

[Appellant] filed his third PCRA petition on January 2, 1997. After review, the PCRA court dismissed the petition on July 7, 1997. The Superior Court affirmed on October 20, 1998.

[In 2010, u]ndaunted in his quest for post[-]conviction review, [Appellant filed a] Petition for *Habeas Corpus* Relief Pursuant to 42 Pa.C.S.A. § 6501 *et seq.*, specifically requesting that his petition be treated as a [*habeas* petition].

_____

[1] 18 Pa.C.S.A. §§ 2502(b), 903, 3301.

- 2 -

***Commonwealth v. Hussmann***, 38 A.3d 932, 908 EDA 2011 (Pa. Super. 2011) (unpublished memorandum at 1-2) (quoting PCRA Court Opinion, 6/13/11, at 1-2) (footnote added).  The PCRA court construed the *habeas* petition as a fourth PCRA petition, and dismissed it as untimely filed.  ***Id.*** at 2.  We affirmed on November 29, 2011.  ***Id.*** at 6.[2]

On May 19, 2022, Appellant filed the instant, *pro se* PCRA petition, his fifth.  The petition asserted eleven claims, each alleging ineffective assistance of counsel.  Three claims involved trial counsel's alleged failure to conduct an adequate pretrial investigation; six involved trial counsel's alleged failure to object to the Commonwealth's evidence and closing arguments; one involved appellate counsel's alleged failure to challenge the trial court's admission of hearsay evidence; the final claim asserted a due process violation based on the "cumulative prejudice" of the preceding claims.  ***See*** PCRA Petition, 5/19/22, at 15-54.

On July 23, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.  The PCRA court observed that the petition was untimely filed, and Appellant failed "to plead and prove

---

[2] Prior to Appellant's fourth PCRA petition, he had filed "two earlier petitions for writ of *habeas corpus* in federal court, both of which were denied." ***Hussmann***, 908 EDA 2011 (unpublished memorandum at 2 n.1); ***see also Hussmann v. Vaughn***, 67 Fed.Appx. 667, 668-69 (3d Cir. 2003) (affirming district court's dismissal of Appellant's second federal *habeas* petition as "time barred," and determining Appellant "failed to establish his actual innocence….").

any exception to the PCRA's timeliness requirement." Rule 907 Notice, 7/23/24. On August 12, 2024, Appellant filed a *pro se* response to the Rule 907 Notice. On September 3, 2024, the PCRA court entered a final order dismissing the petition. Appellant timely appealed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

Appellant identifies twelve issues for our review. **See** Appellant's Brief at 4-5. His first issue challenges the PCRA court's dismissal of his petition as untimely filed, while the remaining issues invite us to consider the substantive merits of his eleven PCRA claims. **Id.** As we do not reach the substantive issues, we omit their specific language. Appellant's first issue presents the following question:

> [Did the PCRA court's] denial of [Appellant's] grounds for relief due to untimely filing and waiver [constitute] a deprivation of [Appellant's] right to adequate review of his state and federal constitutional claims[,] contrary to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution?

**Id.** at 4 (capitalization modified).

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

Before reaching a PCRA petition's substantive merits, we must first consider its timeliness. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). "If a PCRA petition is untimely, a court lacks jurisdiction." *Commonwealth v. Reeves*, 296 A.3d 1228, 1230-31 (Pa. Super. 2023). A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Here, Appellant's "judgment of sentence became final on September 18, 1985, upon the expiration of the 90-day period in which he could have requested [review] in the United States Supreme Court." *Hussmann*, 908 EDA 2011 (unpublished memorandum at 5) (citing U.S. Sᴜᴘ. Cᴛ. R. 13). Appellant's May 19, 2022, petition is therefore facially untimely by nearly four decades.

"However, a petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)." *Reeves*, 296 A.3d at 1231. The exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the jurisdictional time-bar must be filed "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Instantly, Appellant's petition did not invoke **any** of the timeliness exceptions set forth in section 9545(b)(1). While the petition contained vague references to "newly presented evidence," it did not clearly identify the evidence Appellant claimed was newly presented. *See*, *e.g.*, PCRA Petition, 5/19/22, at 19. Appellant did not assert that any evidence had been previously unknown to him and could not have been ascertained by the exercise of due diligence.[3] *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

On appeal, Appellant does not argue that his petition satisfied any of the timeliness exceptions set forth in section 9545(b)(1). Rather, relying on *Commonwealth v. Lawson*, 549 A.2d 107 (Pa. 1988), Appellant asserts that "even if … claims are technically barred by the plain language of the post-conviction statute," courts must reach the merits of the claims "when failure to afford merits review may result in a 'miscarriage of justice.'" Appellant's Brief at 11; *see also Lawson*, 549 A.2d at 112 (holding that "a second or

---

[3] Appellant attached eighteen exhibits to his petition. The majority are dated 1979-80, while the most recent are four affidavits dated 1994-96. *See* PCRA Petition, 5/19/22, Exhibits 1A through 4C.

any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred.").

Appellant's reliance on **Lawson** is misplaced. **Lawson** predated the 1995 amendments to the PCRA, which added the jurisdictional time-bar. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (observing that "the time requirements under the amendments to the PCRA are jurisdictional. Thus, while the court would consider a timely petition under the **Lawson** standard, the court has no jurisdiction to address an untimely petition…."); **see also Commonwealth v. Taylor**, 283 A.3d 178, 184 (Pa. 2022) ("[T]he PCRA's time limitations are not subject to equitable exceptions."); **Commonwealth v. Burton**, 936 A.2d 521, 527 (Pa. Super. 2007) ("[T]here is no 'miscarriage of justice' standard exception to the time requirements of the PCRA."). Accordingly, Appellant's first issue merits no relief.

Based on our disposition, we do not reach Appellant's remaining issues. As Appellant failed to plead and prove any exception to the PCRA's jurisdictional time-bar, we affirm the PCRA court's order dismissing his petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/9/2025</u>