J-S31021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EUGENE MOORE | : | |
| Appellant | : | No. 3100 EDA 2024 |

Appeal from the PCRA Order Entered October 25, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0917411-1983

BEFORE:  PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                        **FILED OCTOBER 17, 2025**

Appellant, Eugene Moore, appeals from the October 25, 2024 order entered in the Philadelphia Court of Common Pleas that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Upon review, we affirm.

The relevant factual and procedural history is as follows.  On March 6, 1984, a jury convicted Appellant of First-Degree Murder and Robbery for fatally bludgeoning seventy-two-year-old William Black ("Victim") on the back of his head and stealing his wallet while Victim was walking into his home with his wife.  Former Assistant District Attorney ("ADA") John DiDonato prosecuted Appellant's case.  On August 14, 1984, the court sentenced Appellant to an aggregate term of life imprisonment without parole.  This Court affirmed Appellant's judgment of sentence on August 29, 1986, and our Supreme Court denied allocatur on March 17, 1987.  ***Commonwealth v.***

*Moore*, 517 A.2d 203 (Pa. Super. 1986) (unpublished decision), *appeal denied*, 526 A.2d 1189 (Pa. 1987).

On August 5, 2022, more than thirty-five years after his judgment of sentence became final, Appellant filed the instant *pro se* PCRA petition, his third, and attempted to invoke the newly discovered fact and government interference exceptions to the PCRA jurisdictional time-bar. In his petition, Appellant averred that ADA DiDonato "engaged in a pattern and practice of fabricating evidence" and the Philadelphia DA's office "maintained a practice and policy of withholding information and evidence in violation of due process." PCRA Pet., 8/5/22, at ¶¶ 3, 4. To support these assertions, Appellant attached a January 28, 2022 Philadelphia Daily News article in which the Philadelphia District Attorney's office acknowledged that former ADA DiDonato was aware that a star witness had lied to detectives in an unrelated case, which resulted in a wrongful murder conviction. PCRA Pet., 8/5/22, Exhibit A. In a supplemental PCRA petition, Appellant attached the notes of testimony from a post-conviction hearing in an unrelated case, where counsel was accusing the Commonwealth of a practice of withholding police activity sheets from discovery in the 1990s. Sup. PCRA Pet., 9/2/24, Exhibit A.

On September 6, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing, and Appellant filed a timely response. On October 25, 2024, the PCRA court dismissed Appellant's petition as untimely. Appellant filed the instant appeal.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011) (citation omitted).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42

Pa.C.S. § 9545(b)(1). Appellant's petition, filed over three decades after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1), including the government interference, newly discovered fact, and new constitutional right exceptions. Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

To satisfy the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" **Id.** at § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." **Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**." **Id.** at 1272 (internal quotation marks omitted; emphasis in original) (citing 42 Pa.C.S. § 9545(b)(1)(ii)).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. **Commonwealth v. Brensinger**, 218 A.3d 440, 449 (Pa. Super. 2019) (*en banc*). A petitioner must explain why he could not have learned the new facts earlier by exercising

- 4 -

due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001). Finally, "[w]hile the law provides that [an a]ppellant need not provide a nexus between the newly discovered fact and his conviction, he still must provide a connection between the fact and his underlying claim." ***Commonwealth v. Fears***, 250 A.3d 1180, 1189 (Pa. 2021).

The government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S. § 9545(b)(1)(i); ***see also Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). This requires the petitioner to show that, due to the interference of a government actor, "he could not have filed his claim earlier." ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008)).

In dismissing the petition, the PCRA court found that Appellant's bald allegations of prosecutorial misconduct, fabricating evidence, and withholding evidence failed to satisfy either exception to the PCRA time-bar. The PCRA court opined:

> the petition consists only of unsupported and general allegations of "ethical credibility issues," relying solely on the newspaper article, which discusses a case of an unrelated defendant; [Appellant] is not named in the article. Moreover, [Appellant] has not identified any specific instances of misconduct in his case, nor has he provided any evidence that the government allegedly failed to provide to him or his counsel. This falls woefully short of [Appellant]'s obligation to demonstrate that one of the exceptions to the time[-]bar exists.

PCRA Ct. Op., 10/25/24, at 2 (unpaginated).

Our review of the record confirms the PCRA court's conclusion that Appellant failed to plead and prove an exception to the PCRA time-bar. General allegations regarding misconduct in another case are not sufficient to overcome the PCRA time-bar. *See Commonwealth v. Reeves*, 296 A.3d 1228, 1231 (Pa. Super. 2023) (petitioner's general statements obtained from newspaper articles about police misconduct in other cases committed by detectives in his case do not meet the requirements for either the newly discovered fact or governmental interference exceptions to the PCRA time-bar). As stated above, Appellant failed to make any specific allegations of prosecutorial misconduct or identify any evidence that the Commonwealth withheld in his case. Appellant's bald allegations, without more, fail to overcome both the newly discovered fact and government interference exceptions to the PCRA time-bar.

In sum, the PCRA court did not abuse its discretion when it concluded that Appellant failed to plead and prove an exception to the PCRA time-bar and, thus, dismissed Appellant's petition as untimely. We, like the PCRA court, lack the jurisdiction to entertain the merits of these claims.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2025