**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 2611 EDA 2024 |

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0409891-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 2612 EDA 2024 |

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0415571-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHARIFF BUTLER | : | |
| | : | |
| Appellant | : | No. 2613 EDA 2024 |

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0415591-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| SHARIFF BUTLER | : |  |
|  | : |  |
| Appellant | : | No. 2614 EDA 2024 |

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700562-2002

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| SHARIFF BUTLER | : |  |
|  | : |  |
| Appellant | : | No. 2615 EDA 2024 |

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700571-2002

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 2, 2026**

Shariff Butler appeals *pro se* from the order dismissing his petitions filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] Butler asserts the PCRA court erred in finding he did not establish a timeliness exception. We affirm.

The PCRA court set forth the relevant factual and procedural history:

From September 18, 2001, to September 23, 2001, [Butler] and several accomplices attacked Craig Brown and his girlfriend, Patricia Mack. [Butler] believed Brown owed him money for drugs. [Brown] and [Mack] were robbed, assaulted, and kidnapped. On

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

September 23, 2001, … Brown was found dead from multiple gunshot wounds.

On June 10, 2003, in a jury trial before the Honorable John J. Poserina, Jr., [Butler] was convicted of possession of a controlled substance, attempted burglary, criminal conspiracy, kidnapping, burglary, robbery, and [carrying a firearm without a license,[2]] for which he received an aggregate sentence of twenty-seven and one-half to fifty-five years imprisonment. [Butler] was acquitted of murder.

[Butler] appealed, and [this Court] affirmed the judgment of sentence on December 27, 2004. [Butler] filed an *allocatur* petition, and the Pennsylvania Supreme Court denied *allocatur* on April 19, 2005.

On May 4, 2006, [Butler] filed a timely *pro se* PCRA petition. Appointed PCRA counsel, Gary S. Server, Esq., initially filed a **Turner**/**Finley**[[3]] no-merit letter, but subsequently filed an amended PCRA. The petition was dismissed without a hearing on September 4, 2008, and on September 25, 2008, [Butler] filed a *pro se* notice of appeal. On July 1, 2010, [this Court] affirmed the dismissal of [Butler's] PCRA petition. On February 16, 2011, [Butler] filed an *allocatur* petition, which was denied by the Supreme Court on August 8, 2011.

On May 17, 2012, [Butler] filed his second PCRA petition. The petition was dismissed as untimely on February 6, 2013. [Butler] appealed. On January 16, 2014, [this Court] affirmed the dismissal of [Butler's] second PCRA petition. [Butler] filed an *allocatur* petition, which was denied on July 8, 2014.

On February 26, 2016, [Butler] filed his third PCRA petition, which was dismissed as time-barred. … On January 12, 2022, [this Court] affirmed the dismissal of [Butler's] third PCRA petition.

_____

[2] 35 Pa.C.S.A. § 780-113(a)(30; 18 Pa.C.S.A. §§ 901, 903, 2901, 3502, 3701, and 6106, respectively.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 10, 2022, [Butler] filed the instant petition—his fourth—alleging constitutional violations and ineffectiveness of former PCRA counsel, Gary Server. On April 3, 2023, [Butler] filed an amended *pro se* PCRA petition claiming that (i) PCRA counsel, Gary Server, was ineffective for filing a **Finley** letter requesting dismissal of [Butler's] Rule 600b claim and (ii) [Butler's] 14th Amendment rights were violated as a result of the alleged Rule 600b claim dismissal.

On June 20, 2023, [Butler] filed a supplemental petition raising an additional claim that PCRA counsel was ineffective for "failure to raise petitioner's preserved self-representation right violation" claim. On August 20, 2024, the Honorable Scott DiClaudio, sitting as the PCRA court[,] dismissed [Butler's] PCRA petition[s]. [On September 17, 2024, Butler filed a notice of appeal.]

PCRA Court Opinion, 7/9/25, at 1-2 (pagination added for ease of reference, some formatting altered).

The PCRA court did not order Butler to file a Rule 1925(b) statement. The PCRA court authored its opinion pursuant to Rule 1925(a) on July 9, 2025.

Before we can address the merits of Butler's claims, we first must determine if the PCRA court, and thus, this Court, has jurisdiction to hear the claims.

A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.

**Commonwealth v. Reeves**, 296 A.3d 1228, 1230-31 (Pa. Super. 2023) (quotation marks and citations omitted).

- 4 -

Butler's conviction became final on July 18, 2005. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Ct. Rule 13(a) (allowing 90 days to file a petition for writ of *certiorari*). He therefore had until July 18, 2006, to file a PCRA petition. The petitions filed October 10, 2022, April 3, 2023, and June 20, 2023, were patently untimely. As such, this Court does not have jurisdiction to hear Butler's claims unless he pled and proved a timeliness exception.

There are three timeliness exceptions:

(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. A petition invoking an exception to the jurisdictional time-bar must be filed within one year that the claim could have been presented. If a petitioner fails to invoke a valid exception, the court lacks jurisdiction to review the petition or provide relief.

**Reeves**, 296 A.3d at 1231 (citations and quotation marks omitted).

Butler argues that **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), created a newly discovered fact that allows him to raise prior PCRA counsel's ineffectiveness. **See** Appellant's Brief, at 33. Butler misconstrues the Pennsylvania Supreme Court's decision in **Bradley**.

The Pennsylvania Supreme Court held in **Bradley** that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley**, 261 A.3d at 401 (footnote omitted). About four years later, the Pennsylvania Supreme Court laid to rest any claim that **Bradley** created a timeliness exception to the PCRA

time bar. **See Commonwealth v. Laird**, 331 A.3d 579, 594 (Pa. 2025).

There, the Court held:

> Laird first argues that our decision in **Bradley** extends (or must be extended) to include the opportunity to challenge prior PCRA counsel's effectiveness in a serial PCRA petition, even if it is untimely. However, we agree with the Commonwealth that not only did **Bradley** say no such thing, but that the rationale of that decision cannot be extended to circumvent the PCRA's jurisdictional time-bar.
>
> ***
>
> Today, we put to rest any residual doubt regarding **Bradley's** viability as an equitable exception to the PCRA's time-bar. As we stated in [**Commonwealth v. Abu-Jamal**, 833 A.2d 719, 724 (Pa. 2003)], IAC claims cannot generate equitable exceptions to the PCRA's time-bar. Because courts lack jurisdiction to hear an untimely PCRA petition, they necessarily lack jurisdiction to consider ancillary matters like IAC claims.

**Id.** at 594, 599 (citations and footnote omitted).

Finally, we note that "a judicial opinion—even one which may establish a new theory or method of obtaining relief—does not amount to a new fact under Section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Reid**, 235 A.3d 1124, 1148 (Pa. 2020); **see also Commonwealth v. Brown**, 350 A.3d 12, 30 (Pa. 2026) ("the publication of a legal decision is not a fact[.]") (quotation marks and citation omitted).

As such, **Bradley** did not and cannot establish a timeliness exception for Butler's untimely PCRA petitions. Butler's claim to the contrary therefore fails. Because Butler has failed to plead and prove a timeliness exception, neither the PCRA court nor this Court has jurisdiction to review Butler's claims.

Hence, we affirm the order of the PCRA court dismissing Butler's PCRA petitions.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/2/2026